[Civ. No. 14633. Fourth Dist., Div. One. Apr. 15, 1977.]

HAROLD W. PFEIFFER et al., Plaintiffs and Appellants, v.
CITY OF LA MESA, Defendant and Respondent.

**COUNSEL**

Higgs, Fletcher & Mack, Joe N. Turner and Donald H. Glaser for Plaintiffs and Appellants.

Knutson, Tobin, Meyer & Shannon and Daniel J. Tobin for Defendant and Respondent.

## OPINION

**AULT, J.\*—** ██ Assuming a municipality imposes invalid conditions in a building permit, this case presents the issue of whether a landowner can comply with a condition "under protest," construct the required improvement, and then maintain an action in inverse condemnation to recover his costs. We conclude, as did the trial judge, he cannot, and that the proper method to test the validity of conditions in a building permit is a proceeding in mandamus under Code of Civil Procedure section 1094.5.

Plaintiffs Pfeiffer, the owners of improved real property located in the City of La Mesa, appeal from a judgment on the pleadings granted the defendant city in an action in inverse condemnation. The basis of their claim, as pleaded in their amended complaint, is that the city refused to issue a building permit for their property unless they complied with assertedly invalid conditions (the granting of an easement and the construction of a 54-inch storm drain across the property). Contending they were required by a lease agreement with the State of California to construct the additions and improvements covered in the permit without delay or suffer the possibility of cancellation of their lease, plaintiffs elected to comply with the imposed conditions "under protest and without waiving their rights to demand compensation." After granting the easement and constructing the storm drain, they brought this action against the city in inverse condemnation seeking to recover damages in the amount of $29,800, over $23,000 of which represents the cost of constructing the storm drain.

██ A judgment on the pleadings is reviewed in the same manner as a judgment of dismissal following the sustaining of a demurrer, and the only issue before this court is whether the complaint states a cause of action (*Gill* v. *Curtis Publishing Co.*, 38 Cal.2d 273, 275 [239 P.2d 630]; *Gabaldon* v. *United Farm Workers Organizing Committee*, 35 Cal.App.3d 757, 759 [111 Cal.Rptr. 203]). Consequently, for the purpose of resolving this issue of law, we must accept as true all the allegations of material fact contained in the amended complaint. Under well established rules, however, we are not bound to accept allegations which are purely conclusions of law.

---

\*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

██ By alleging that the easement and storm drain the permit required them to grant and construct were a portion of a public improvement consisting of a drainage system for the entire area, and not reasonably required to fulfill public needs emanating from their proposed improvements and use of their land, plaintiffs have sufficiently pled the invalidity of the conditions imposed by the permit (see, e.g., *Scrutton* v. *County of Sacramento,* 275 Cal.App.2d 412, 421 [79 Cal.Rptr. 872]). It does not follow, however, that they have stated a cause of action in inverse condemnation.

In *Selby Realty Co.* v. *City of San Buenaventura,* 10 Cal.3d 110 [109 Cal.Rptr. 799, 514 P.2d 111], the city had denied the plaintiff's application for a building permit because it refused to dedicate some of its land for the extension of a street shown on the general plan previously adopted by both the city and the county. Without complying with the city's demand, the plaintiff had filed a multicount complaint seeking declaratory relief, a traditional writ of mandate under Code of Civil Procedure section 1085 to compel issuance of the building permit, and damages on theories of civil conspiracy and inverse condemnation. The trial court had entered a dismissal after sustaining a demurrer to all counts. The Supreme Court affirmed the judgment except as to the cause of action for a writ of mandate. After holding the tort action based on the denial of a building permit was barred by Government Code section 818.4, the court said concerning the cause of action for inverse condemnation: ". . . insofar as this cause of action is based upon the adoption of the general plan, there is no 'taking' of the property. Nor is a cause of action in inverse condemnation stated for the denial of a building permit. The gravamen of plaintiff's complaint is that the city refused to issue the permit unless plaintiff complied with an assertedly invalid condition. The appropriate method by which to consider such a claim is by a proceeding in mandamus under section 1094.5 of the Code of Civil Procedure. . . ." (*Selby Realty Co.* v. *City of San Buenaventura, supra,* 10 Cal.3d 110, 128.)

Plaintiffs point out their case is different from *Selby* in that the plaintiff in that action sought judicial relief *before* complying with the city's demand and hence mandamus under Code of Civil Procedure section 1094.5 was an appropriate method to test the validity of the conditions the city was attempting to impose. They argue mandamus would have been an inadequate and inappropriate remedy in this case because they were "compelled" by their lease agreement with the state to

complete the building additions and improvements without delay or risk cancellation of their lease.

If plaintiffs in this instance were "compelled" to accept the conditions of the permit and proceed with the construction rather than challenge the conditions in a mandamus proceeding, the compulsion was of their own making. They signed the lease agreement and unilaterally decided it was to their economic advantage to proceed with the construction to meet its requirements rather than make use of the orderly procedure which has been provided to resolve such controversies. As the trial judge pointed out in ruling on the motion, economic detriment frequently results when a delay is incurred in obtaining a building permit. Financing arrangements may be impaired, interest rates may increase, construction costs may rise and contractual obligations may be adversely affected when such delays occur. If every owner who disagrees with the conditions of a permit could unilaterally decide to comply with them under protest, do the work, and file an action in inverse condemnation on the theory of economic coercion, complete chaos would result in the administration of this important aspect of municipal affairs.

It is fundamental that a landowner who accepts a building permit and complies with its conditions waives the right to assert the invalidity of the conditions and sue the issuing public entity for the costs of complying with them. Plaintiffs have supplied no authority and no convincing argument to indicate this fundamental principle is not applicable because they unilaterally announced they were proceeding under protest and reserving their right to seek compensation in a later action. If the conditions imposed by the city in their permit were invalid, Code of Civil Procedure section 1094.5 provided plaintiffs with the right and procedures to eliminate them. By declining to avail themselves of those procedures, plaintiffs cannot convert that right into a cause of action in inverse condemnation.

The judgment is affirmed.

Brown (Gerald), P. J., and Staniforth, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 9, 1977.