[Civ. No. 65529. Second Dist., Div. Four. Nov. 17, 1982.]

RICHARD E. TAYLOR, Plaintiff and Appellant, v.
REX SWANSON et al., Defendants and Respondents.

COUNSEL

Tighe R. Taylor for Plaintiff and Appellant.

Evelynn M. Finn, City Attorney, Charles E. Mattson and Jerome A. Levin, Deputy City Attorneys, for Defendants and Respondents.

OPINION

KINGSLEY, J.—Plaintiff is the owner of a small lot in the City of Pasadena. Because of its shape and size, the lot, under the applicable zoning ordinance, is not available for the construction of the residence plaintiff desires to build on it. He applied for a zone variance, which was denied by the local agency and, on appeal, by the city council. He then brought a proceeding in administrative mandate to review the denial. That action resulted in a judgment denying mandate. He then instituted the present action in declaratory relief. The trial court entered judgment against him on the ground that the denial of mandate in the first action was res judicata. We affirm.

The briefs cite to us a number of California cases dealing with the availability of declaratory relief in cases also involving attacks on zoning decisions. Plaintiff here relies chiefly on *Rubin* v. *Board of Directors* (1940) 16 Cal.2d 119

[104 P.2d 1041], and on *H. W. Rohl Co.* v. *County of San Diego* (1963) 212 Cal.App.2d 707 [28 Cal.Rptr. 196]. Defendants rely on *State of California* v. *Superior Court* (*Veta*) (1974) 12 Cal.3d 237 [115 Cal.Rptr. 497, 524 P.2d 1281], and on language in *Agins* v. *City of Tiburon* (1979) 24 Cal.3d 266 [157 Cal.Rptr. 372, 598 P.2d 25].

There is language in the cases cited to us supporting the present contentions of each party.  ▮▮  After reviewing them, we conclude as follows: (1) If a landowner desires to attack the overall constitutionality of a zoning ordinance which impedes a desired use of his property, the remedy is an action for declaratory relief and he cannot attack that basic constitutionality in an administrative proceeding for a variance or by administrative mandate to review a denial of a variance. He cannot attack the very existence of an agency from which he is seeking a favor;[1] but (2) if the landowner concedes the legal existence of the administrative agency but seeks only to obtain a ruling that the regulation *as applied to his particular property* is unconstitutional, that issue is properly raised before the agency and its adverse decision is reviewable by administrative mandate and not otherwise.[2]

The second doctrine applies here. The judgment is affirmed.

Woods, P. J., and McClosky, J., concurred.

---

[1]"It would be heroic indeed to compel a party to appear before an administrative body to challenge its very existence and to expect a dispassionate hearing before its preponderantly lay membership on the constitutionality of the statute establishing its status and functions." (*State of California* v. *Superior Court* (*Veta*) (1974) 12 Cal.3d 237, 251 [115 Cal.Rptr. 497, 524 P.2d 1281].

[2]Referring to the *Veta* case, the Supreme Court said, in *Agins* v. *City of Tiburon* (1979) 24 Cal.3d 266, at pages 272-273 [157 Cal.Rptr. 372, 598 P.2d 25]: "We [there] held that declaratory relief was an appropriate remedy by which to seek a declaration that a statute controlling development . . . was facially unconstitutional. Further, insofar as the challenge was to the constitutionality of the act's *application* to the lands of the complaining parties, we concluded that the proper and sole remedy was administrative mandamus." (Italics in original.)