[L.A. No. 31886. Oct. 7, 1985.]

BUILDING INDUSTRY ASSOCIATION OF SOUTHERN
CALIFORNIA, Plaintiff and Appellant, v.
CITY OF OXNARD, Defendant and Respondent.

2

**COUNSEL**

Stanley E. Cohen, David W. Tredway, Cohen, England, Whitfield & Osborne and Cohen, England & Whitfield for Plaintiff and Appellant.

Fadem, Berger & Norton, Michael M. Berger, Pillsbury, Madison & Sutro, Allan N. Littman, James F. Kirkham, Michael H. Salinsky and Debra B. Keil as Amici Curiae on behalf of Plaintiff and Appellant.

K. D. Lyders, City Attorney, for Defendant and Respondent.

Helm, Budinger & Lemieux, Wayne K. Lemieux, George Agnost, City Attorney (San Francisco), Burk E. Delventhal, Deputy City Attorney, McMorris M. Dow, Jerome B. Falk, Jr., Peter J. Busch, Howard, Rice, Nemerovski, Canady, Robertson & Falk, John W. Witt, City Attorney (San Diego), Janis Sammartino Gardner, Freilich, Leitner & Carlisle, Robert H. Freilich, Martin L. Leitner and Neil R. Shortlidge as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**THE COURT.**—In June 1981, the City Council of Oxnard enacted a series of three ordinances requiring all persons who wish to construct new development in the city to pay (1) a water system connection fee, (2) a waste water connection fee, and (3) a "Growth Requirements Capital Fee." The following month, on the day the ordinances went into effect, plaintiff Build-

ing Industry Association of Southern California—a nonprofit organization representing business entities in the construction and development industry—filed the present action, seeking a permanent injunction against the enforcement of the three ordinances and a declaration that each ordinance was invalid as imposing an unauthorized "tax" rather than a permissible "fee." Both parties moved for summary judgment. After considering the motions and accompanying affidavits, the trial court ruled in favor of the city, concluding that all three of the challenged fees were imposed "to pay for the cost of financing new capital improvements to serve the new facilities and population anticipated through development" and constituted "a reasonable exercise of the police power." Plaintiff appealed, but challenged only that portion of the judgment upholding the validity of the Growth Requirements Capital Fee.

While the appeal was pending, the city amended the challenged Growth Requirements Capital Fee ordinance (Ord. No. 1876), clarifying the uses to which the proceeds from the fee may be put and significantly modifying the formula under which each individual fee is to be calculated. ■ Although plaintiff contends that the modification of the ordinance has no bearing on this appeal, past California decisions establish that in proceedings of this nature—where injunctive relief against a legislative enactment is sought—the relevant provision for purposes of the appeal is the measure which is in effect at the time the appeal is decided. (*Kash Enterprises, Inc.* v. *City of Los Angeles* (1977) 19 Cal.3d 294, 306, fn. 6 [138 Cal.Rptr. 53, 562 P.2d 1302]; see also *Gregory* v. *City of San Juan Capistrano* (1983) 142 Cal.App.3d 72, 77-78 [191 Cal.Rptr. 47].)

Plaintiff nevertheless urges us to determine the validity of the old ordinance for the benefit of developers who paid the fee pursuant to its terms and who might be entitled to a refund if it is invalid. We see no need for passing on the validity of the old ordinance in this proceeding. Plaintiff is an association which merely sought to enjoin enforcement of the ordinance. No specific fee is at issue, and thus there is no aggrieved party with regard to the old ordinance.[1]

---

[1] Indeed, no specific fee may ever be at issue. Until legislation enacted in 1984 (Gov. Code, § 65913.5), case law had indicated that the procedure for challenging an allegedly unreasonable fee or condition was to refuse to comply with the condition and to bring a mandate action to have the condition declared invalid. (*Selby Realty Co.* v. *City of San Buenaventura* (1973) 10 Cal.3d 110, 128 [109 Cal.Rptr. 799, 514 P.2d 111] *County of Imperial* v. *McDougal* (1977) 19 Cal.3d 505, 510-511 [138 Cal.Rptr. 472, 564 P.2d 14]; *Pfeiffer* v. *City of La Mesa* (1977) 69 Cal.App.3d 74, 77-78 [137 Cal.Rptr. 804].) A landowner who complied with the conditions of a permit was said to have waived the right to bring a later legal challenge against the conditions. (*Pfeiffer* v. *City of La Mesa, supra,* 69 Cal.App.3d at p. 78.) The only exception recognized was where a new ordinance imposed fee conditions on a permit necessary for a later phase of a development that was already underway. (*McLain Western #1* v. *County of San Diego* (1983) 146 Cal.App.3d 772, 777 [194 Cal.Rptr. 594].)

Since the trial court has never passed on the validity of the new ordinance, we reverse the judgment for reconsideration in light of the new ordinance.[2]

---

[2]We do not encourage a city engaged in litigation to adopt a new ordinance as a means of avoiding judicial review. The record in the present case shows, however, that the amendment of the ordinance was a good faith effort on the part of the city to make its impact more equitable.