[No. D012941. Fourth Dist., Div. One. Feb. 25, 1991.]

CITY OF SANTEE et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
J.M.R. COMPANY, Real Party in Interest.

COUNSEL

Randal Morrison and Donald F. McLean, Jr., City Attorneys, for Petitioners.

No appearance for Respondent.

Clayton M. Anderson for Real Party in Interest.

OPINION

**WORK, Acting P. J.**—The City of Santee (City) and six of its employees seek extraordinary relief after the trial court denied their motion for summary judgment and summary adjudication of specific issues. They challenge an action by J.M.R. Company (J.M.R.) for fraud and declaratory and injunctive relief regarding a dispute arising after the City issued a development review permit with certain conditions which, when they were not met, resulted in the revocation of occupancy permits for newly built units within an industrial complex, Prospect Center. The City contends the trial court erred in denying the motion for summary judgment, because J.M.R.'s failure to timely seek administrative mandate to review the land use determination rendered that decision final and res judicata barred further litigation. Moreover, the City asserts it and its employees are absolutely immune under the California Tort Claims Act (Gov. Code, §§ 818.4, 818.8 & 822.2).

As we shall explain, we conclude J.M.R. is estopped from relitigating the validity of the conditions imposed by the City upon issuing the development review permit. Because the superior court has not ruled upon the City's remaining contentions supporting its motion for summary judgment as to the fraud action, we issue our writ directing the superior court to find J.M.R.'s failure to challenge the cited conditions by administrative manda-

mus bars its indirect challenge of those conditions through declaratory and/or injunctive relief. The superior court is further directed to rule on the merits of the City's remaining contentions included in its motion for summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Before the City was incorporated on December 1, 1980, J.M.R. built Prospect Center, an industrial complex containing four buildings at 10020 Prospect Avenue. At that time, San Diego County's M-52 zoning permitted automotive uses within the enclosed buildings. After incorporation, the City adopted the existing county zoning, including M-52. On July 12, 1985, the City adopted the light industrial zoning, which applied to this property site, requiring a conditional use permit for automotive uses. Those automotive enterprises existing at the time the zoning was adopted became legal nonconforming uses.

On July 23, 1987, J.M.R. submitted an application for development review (DR), number DR 87-19, to the City's planning department, seeking approval of a plan to construct additional buildings and rent spaces for automotive uses. Convinced after a discussion with City staff on the advisability of getting a conditional use permit (CUP) so as to streamline business license processing of automotive tenants, J.M.R. withdrew its DR application on August 3 and submitted a CUP application (P-87-10), requesting approval of a 6,045-square-foot addition to Prospect Center to be leased for automotive uses. A public hearing before the Santee Planning Commission on August 18 resulted in the approval of the CUP application conditioned upon the construction of a certain type of industrial-grade driveway curb (modified G-17 alley apron) and a masonry divider wall, apparently in response to complaints from Prospect Center's residentially developed neighbors about activities on J.M.R.'s property and their impact upon residential uses. When J.M.R. appealed to the City council, it denied the CUP outright.

On September 23, J.M.R. submitted a second DR application, number DR 87-27, seeking approval of three new buildings totaling 8,573 square-feet to Prospect Center. On November 10, the City's director of planning and community development partially granted the permit as to two of the proposed three new buildings (6,323 square-feet) with the condition J.M.R. construct the divider wall and the "G-17 alley apron" driveways. Although advised by cover letter this decision would become final unless appealed to the planning commission within 10 days, J.M.R. neither appealed this decision to exhaust its administrative remedies, nor sought a writ of man-

date challenging either condition. Rather, J.M.R. went forward and constructed the new buildings without constructing the wall or driveways.

On July 5, 1988, J.M.R. sued the City, alleging fraud, breach of mandatory duty and civil conspiracy by City officials in the first cause of action and seeking declaratory and injunctive relief regarding whether the centerline ordinance, chapter 51 of the Santee Municipal Code, was in effect during 1987, when J.M.R.'s building permit application was processed. On August 5, the City issued a final certificate of occupancy for J.M.R.'s eight newly constructed rental units. However, the responsible City official was unaware J.M.R. had not complied with the wall and driveway conditions of the DR permit and later revoked the occupancy permits pending compliance with the DR permit conditions. By the time of the revocation, four of the eight units had been leased and occupied. The parties stipulated to the City permitting the mistakenly issued occupancy permits for those four units leased before their revocation to remain in effect. However, the occupancy permits for the other four units have been cancelled pending compliance by J.M.R. with the driveway and wall conditions of the DR permit.

In June 1990, both parties sought summary judgment on J.M.R.'s third amended complaint. Of relevance here, the City asserted immunity with regard to the fraud action and res judicata as to the declaratory relief action contending the administrative writ of mandamus constituted J.M.R.'s exclusive remedy. On August 16, the trial court heard argument and denied both motions stating in pertinent part:

"As to defendants' motion for summary judgment, it is denied on the basis that writ of mandate is not the exclusive remedy. The court had some temptation to grant the summary judgment as to the cause of action for fraud; however, the court cannot do so because the court does not grant partial summary judgments."[1] In response to the City's petition, we issued an order to show cause and a stay of the trial pending further order of this court.

---

[1] The trial court further denied the City's motion for summary adjudication of issues, stating its request was defective in that the noticed motion set forth 19 issues to be adjudicated while the separate statement of undisputed material facts set forth only 5 issues which did not parallel numerically those in the noticed motion. Apparently, the court ruled this constitutes a technical violation of local court rule 4.3(f), requiring specification of the issue to which each contended undisputed fact relates. Mindful of the underlying purposes supporting this rule of notice and convenience, we conclude neither J.M.R. has been prejudiced nor the court misled by any deficiency in notice regarding the City's request for summary adjudication of the issue of whether administrative mandamus constituted J.M.R.'s exclusive remedy and its failure to pursue it estops it from challenging the propriety of the conditions imposed indirectly within its declaratory relief cause of action.

## Administrative Mandamus Constituted J.M.R.'s Exclusive Remedy

■ The City contends the exclusive remedy for challenging allegedly improper conditions on a special permit is administrative mandamus, which J.M.R. concedes it failed to timely seek. As we shall explain, the law is firmly established in this state that under these circumstances administrative mandamus constituted J.M.R.'s exclusive remedy to challenge the propriety of the conditions the City imposed upon the approval of the DR permit.

■ ■ ■ ■ Under the circumstances presented here, a proceeding under Code of Civil Procedure section 1094.5 is the exclusive remedy for judicial review of the quasi-adjudicatory administrative action of the local-level agency.[2] (See Cal. Administrative Mandamus (Cont.Ed.Bar 1989) § 1.4, p. 5.) ■ Unless a party seeks a declaration a statute or ordinance controlling development is facially unconstitutional as applied to all property governed and not to a particular parcel of land, an action for declaratory relief may not be had. (*Agins* v. *City of Tiburon* (1979) 24 Cal.3d 266, 272-273 [157 Cal.Rptr. 372, 598 P.2d 25]; *State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 251 [115 Cal.Rptr. 497, 524 P.2d 1281]; *Walter H. Leimert Co.* v. *California Coastal Com.* (1983) 149 Cal.App.3d 222, 231 [196 Cal.Rptr. 739]; *Taylor* v. *Swanson* (1982) 137 Cal.App.3d 416, 418 [187 Cal.Rptr. 111]; Cal. Zoning Practice (Cont.Ed.Bar Supp. 1989) § 1219, p. 332.) ■ An action for declaratory relief is not appropriate to review the validity of an administrative decision. (*Selby Realty Co.* v. *City of San Buenaventura* (1973) 10 Cal.3d 110, 127 [109 Cal.Rptr. 799, 514 P.2d 111]; *Walter H. Leimert Co.* v. *California Coastal Com., supra*, 149 Cal.App.3d at p. 231; *Taylor* v. *Swanson, supra*, 137 Cal.App.3d at p. 418.) Rather, the proper method to challenge the validity of conditions imposed on a building permit is administrative mandamus under Code of Civil Procedure section 1094.5. (*Rossco Holdings Inc.* v. *State of California* (1989) 212 Cal.App.3d 642, 654 [260 Cal.Rptr. 736]; *Pfeiffer* v. *City of La Mesa* (1977) 69 Cal.App.3d 74, 78 [137 Cal.Rptr. 804]; Cal. Zoning Practice, *supra*, § 12.11, at pp. 328-329.) ■ ■ "A landowner cannot challenge a condition imposed upon the granting of a permit after acquiescence in the condition by either specifically agreeing to the condition or failing to challenge its validity, and accepting the benefits afforded by the permit." (*Rossco Holdings Inc.* v. *State of California, supra*, 212 Cal.App.3d at p. 654; *County of Imperial* v. *McDougal* (1977) 19 Cal.3d 505, 510-511 [138 Cal.Rptr. 472, 564 P.2d 14].) In other words, because the

---

[2] "[T]he grant of a land-use permit or variance is an adjudicatory act, rather than a legislative one." (*Land Waste Management* v. *Contra Costa County Bd. of Supervisors* (1990) 222 Cal.App.3d 950, 957 [271 Cal.Rptr. 909].)

validity of the permit condition was at issue in the prior administrative proceeding, J.M.R.'s failure to contest the validity of the driveway and wall conditions by the means provided for judicial review through administrative mandamus estops it now from relitigating the same issue, regardless whether the new context be declaratory relief or inverse condemnation. (See *Rossco Holdings Inc.* v. *State of California, supra*, 212 Cal.App.3d at pp. 656-657; *California Coastal Com.* v. *Superior Court* (1989) 210 Cal.App.3d 1488, 1494, 1499-1500, fn. 8 [258 Cal.Rptr. 567]; *Pfeiffer* v. *City of La Mesa, supra*, 69 Cal.App.3d at p. 78.) Consequently, administrative mandamus is the sole remedy for challenging or seeking review of the validity of the conditions of a building permit under these circumstances. (See *Walter H. Leimart Co.* v. *California Coastal Com., supra*, 149 Cal.App.3d at p. 233; *Viso* v. *State of California* (1979) 92 Cal.App.3d 15, 21 [154 Cal.Rptr. 580].)

The second cause of action for declaratory and injunctive relief is nothing more than an attempt to invalidate the driveway and wall conditions of number DR 87-27, by having the centerline ordinance declared valid and thus apparently J.M.R.'s project be declared exempt under that ordinance.[3] ■ ■■■ By failing to timely petition for administrative mandamus to invalidate the conditions imposed upon the development of Prospect Center, J.M.R. is now estopped from litigating under any theory the validity of these conditions.[4]

Given our determination that administrative mandamus constituted J.M.R.'s exclusive remedy and its failure to pursue it estops it from challenging the validity of the conditions imposed by the City indirectly within its second cause of action, the City is entitled to summary adjudication as to that particular issue and cause of action. ■ ■■ ■ ■ However, although the superior court acknowledged its temptation to grant summary judgment as to the cause of action for fraud, it declined to do so because it

---

[3] The pertinent allegations of the second cause of action within the third amended complaint assert an actual controversy exists between the parties because J.M.R. contends the centerline ordinance did not apply to either the DR or CUP initiated by it; the City contends the ordinance applied to the development and that all action derived from its application was appropriate; and thus J.M.R. requests judicial determination of the rights and duties of the parties, a declaration the ordinance was in effect during 1987, a declaration J.M.R.'s construction project was exempt under its provisions and the reimbursement of all fees, costs and expenses related to the project to J.M.R. while enjoining the City from misapplying the ordinance in the future and awarding J.M.R. attorney's fees and costs.

[4] Granted, special circumstances may make a timely mandamus proceeding impracticable or unduly burdensome and thus a landowner may comply with the allegedly illegal conditions and still pursue a petition for mandamus. (*McLain Western #1* v. *County of San Diego* (1983) 146 Cal.App.3d 772, 777 [194 Cal.Rptr. 594].) However, J.M.R. has not alleged any special circumstances which would warrant applying here any exception to the general rule of a timely petition for a writ of administrative mandamus.

does not grant "partial summary judgments."[5] Accordingly, because the trial court did not rule on the merits of the City's remaining contentions as they affect the City's entitlement to summary judgment, it is directed to do so on remand.

## DISPOSITION

Let a peremptory writ issue directing the superior court to vacate its order denying the City's motion for summary judgment and summary adjudication of specific issues, to enter an order granting the City summary adjudication that administrative mandamus constituted J.M.R.'s exclusive remedy for challenging the propriety of the conditions imposed by the City and its failure to pursue that judicial remedy estops it from challenging indirectly those conditions in its declaratory relief action, and to conduct further proceedings so as to address the merits of the City's remaining contentions supporting its request for summary judgment. The stay issued by this court on September 14, 1990, is vacated.

Todd, J., and Benke, J., concurred.

A petition for a rehearing was denied March 19, 1991.

---

[5] The term "partial summary judgment" has been used by this court when referring to "summary adjudication of issues." (See *Fisher* v. *Larsen* (1982) 138 Cal.App.3d 627, 635 [188 Cal.Rptr. 216].) However, the code does not employ the term "partial summary judgment," presumably because it is a misnomer since no judgment is entered in connection with that procedure of granting summary adjudication of issues. Accordingly, the preferred terminology for this procedure is precisely what it is, "summary adjudication of issues." (Weil & Brown, Cal. Practice Guide, Civil Procedure Before Trial (1990) § 10:34.)