**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRAIG R. GRISWOLD and ROBIN
GRISWOLD,

              Plaintiffs - Appellants,

  v.

CITY OF CARLSBAD, California,

              Defendant - Appellee.

No. 07-56592

D.C. No. CV-06-01629-WQH

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued May 7, 2009
Resubmitted September 16, 2010
Pasadena, California

Before: RYMER, KLEINFELD and SILVERMAN, Circuit Judges.

     We review this case de novo and may affirm on any ground supported by the

record.  Serrano v. Francis, 345 F.3d 1071, 1076–77, 1082 (9th Cir. 2003).

_____

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The Griswolds' right to vote on municipal assessments was established by state law, not federal law, so the cases regarding waiver of federal constitutional or statutory rights do not control. To the extent that their claims are matters of federal constitutional law, we must apply a case-by-case analysis rather than a categorical approach. See Lynch v. City of Alhambra, 880 F.2d 1122, 1127–28 (9th Cir. 1989). Under the factors established in Lynch, the Griswolds' waiver must be treated as voluntary, and the waiver is not rendered unenforceable as contrary to the public interest. See id. at 1126–28. A city may condition the receipt of a building permit upon the acceptance of certain conditions, so long as those conditions are reasonably related to the burden the proposed building project will create. See Schott v. City of Kingman, 461 F.2d 593, 593–94 (9th Cir. 1972).

Under County of Imperial v. McDougal, 564 P.2d 14 (Cal. 1977) and Pfeiffer v. City of La Mesa, 69 Cal. App. 3d 74 (Cal. Ct. App. 1977), narrowed on other grounds and codified by Cal. Gov't Code § 66020, the Griswolds' agreement to the deferral of the assessments and their construction of the improvements under their permit effected a valid waiver of their right to challenge the conditions of their permit. See also Hensler v. City of Glendale, 876 P.2d 1043, 1055 n.9 (Cal. 1994) ("The Legislature has now codified [Pfeiffer's] rule that one who accepts the

benefits of a permit may not later challenge conditions imposed on or in the permit.").

Pfeiffer holds that a landowner cannot "comply with a condition 'under protest,' construct the required improvement, and then maintain an action," because "the proper method to test the validity of conditions in a building permit is a proceeding in mandamus . . . ." Pfeiffer, 69 Cal. App. 3d at 76. Though the Griswolds seek a remedy for something other than inverse condemnation as was the case in Pfeiffer, this is a distinction without a difference for the purposes of this case. Economic disadvantages in litigating the claimed invalidity of permit conditions before proceeding with construction do not, under Pfeiffer, amount to compulsion rendering the waiver invalid. See id. at 78.

**AFFIRMED.**