Filed 11/24/14  Sedrak v. City of Norco CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| FAYEZ SEDRAK, | D066208 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. RIC10022513) |
| CITY OF NORCO, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Riverside County, Daniel A. Ottolia, Judge.  Affirmed.

The Law Office of Wende Berge and Wendy May Benge for Plaintiff and Appellant.

Creason & Aarvig, LLP, Maria K. Aarvig and Diane K. Huntley for Defendant and Respondent.

This appeal arises out of an agreement between Fayez Sedrak and the City of Norco (Norco) in which Norco agreed to purchase an easement on Sedrak's land where he had operated a gas station, at a cost of almost $1.5 million, to allow for the widening of a

road.  That widening left insufficient space for operation of a gas station.  Nevertheless, after Norco purchased the easement, and after Sedrak had closed down and demolished the former gas station on the property, he sought a conditional use permit (CUP) to build a new gas station and convenience store on the property.  Norco denied Sedrak the CUP.

Sedrak filed suit, in which he initially joined a petition for writ of mandamus (writ petition) with his complaint for declaratory relief.  After the court granted Sedrak's motion for separate trials on his declaratory relief cause of action and writ petition, Sedrak voluntarily dismissed his writ petition.  Norco thereafter filed a motion for judgment on the pleadings on the ground Sedrak failed to exhaust his judicial remedies by failing to bring his writ petition to a conclusion before pursuing his declaratory relief cause of action.  The court granted the motion with leave to amend.  Norco demurred to Sedrak's amended complaint, which the court sustained without leave to amend.

Sedrak appeals, asserting (1) the court erred in sustaining the demurrer without leave to amend, (2) he alleged sufficient facts to support each cause of action alleged, and (3) the court's failure to make requested findings of fact in its statement of decision was reversible error.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A.  *Introduction*

As a preliminary note, we address Sedrak's claim that Norco has "twisted, ignored, left out relevant facts, refused to rebut Appellant's claims and has falsely misstated facts seeking to misinform this court with inaccurate and incomplete statements that have a direct and discriminatory impact on Appellant."  However, Sedrak, in the factual

2

background sections of both his opening and reply briefs, has largely failed to support his version of the events leading up to this litigation with citations to the record.

California Rules of Court, rule 8.204(a)(1)(C) requires that briefs "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." "'When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made. [Citations.] We can simply deem the contention to lack foundation and, thus, to be forfeited.'" (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 800.)

Therefore, we shall not consider those portions of Sedrak's factual background sections in his briefs that are not supported by citations to the record.

B. *Factual Background*

Sedrak operated a gas station on his property on Hamner Avenue (Hamner). However, when Norco planned to widen Hamner, it entered into negotiations with Sedrak as to the impact of the roadwork on his gas station. As a result, Norco and Sedrak entered into a purchase and sale agreement that provided Sedrak would be paid $1,490,440 in exchange for shutting down the gas station, removing the structures on the property, and conveying an easement to Norco across a portion of his property. The agreement also required that Sedrak shut down the gas station upon 30 days notice from Norco.

The road construction was delayed, and Sedrak was allowed to operate his gas station during that time. While the construction was delayed, Sedrak removed gas

3

pumps, the existing canopy and other items on the property that interfered with Norco's easement.

Three years later Norco gave the 30-day notice that Sedrak had to close his business. In response, he refused. Instead, he applied for a CUP to build a larger business containing a Circle K convenience store and a Conoco-Phillips 76 gas station. Norco's planning commission denied the CUP application. The basis for the denial of the application given by Norco was that "[t]he size and shape of the site for the proposed use is not adequate to allow the full development of the proposed use in a manner not detrimental to the particular area as the proposed development does not meet all applicable development standards." Norco's city council upheld the planning commission's decision.

C. *Procedural Background*

Thereafter, Sedrak filed his complaint in this action, which contained his writ petition and a cause of action for declaratory relief. Sedrak then moved for separate trials on his writ petition and declaratory relief cause of action. The court granted Sedrak's motion, ruling the actions should not be tried together and set a date for briefing on the writ petition. However, on the date set for the filing of his opening brief as to the writ petition, Sedrak dismissed his writ petition.

Norco then filed a motion for judgment on the pleadings as to the remaining cause of action for declaratory relief. The court granted the motion, but allowed Sedrak leave to amend his complaint.

4

Sedrak thereafter filed his first amended complaint which, in addition to his declaratory relief cause of action, added causes of action for breach of contract, fraudulent misrepresentation, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and intentional and negligent interference with economic advantage. These claims were all based upon an alleged agreement with Norco to build a new gas station and convenience store.

In response, Norco filed a demurer. The demurer asserted (1) Sedrak had failed to allege compliance with the government tort claim act; (2) the declaratory relief cause of action failed to state a claim to challenge the constitutionality of Norco's municipal code; and (3) Sedrak failed to exhaust his judicial remedies before challenging the denial of his CUP.

At the hearing on the demurrer, the court made the following findings:

> "First, as an applied challenge to the decision of the City of Norco regarding plaintiff's conditional use permit, the Court finds that it is barred by the failure to exhaust judicial remedies. The plaintiff was required to seek review of the City's denial of its conditional use permit by timely mandamus action challenging the ordinance as applied to him. Plaintiff originally did so, but dismissed that cause of action. Now any mandamus action will be untimely. As such any challenge of the City's denial of plaintiff's conditional use permit is barred. [¶] Second, the claims are barred because plaintiff failed to file a government claim. The Court does not consider plaintiff's appeal of the decision denying his conditional use permit as equivalent to a government claim. [¶] Third, as to the declaratory relief claim, based upon a facial challenge to the constitutionality of the ordinance, the Court finds that the ordinance is constitutional on its face. Examining the ordinance to determine if it is reasonably related to the welfare of the public, the Court finds that the ordinance restricting gas stations within the city is reasonably related to the welfare of the public."

5

Thereafter, the court entered a written order, confirming that the demurrer was sustained without leave to amend, "for the reasons stated in court" at the hearing.

DISCUSSION

A. *Standards Governing Demurrers*

When reviewing a demurrer ruling, we determine whether the complaint states a cause of action. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.) Although we assume that the complaint's well-pleaded allegations are true, we do not assume the truth of conclusions of fact or law. (*Ibid*.) Appellate courts interpret the complaint reasonably by "reading it as a whole and all its parts in their context." (*Ibid*.)

Facts appearing in exhibits to a complaint, like well-pleaded allegations in the complaint, are taken as true on demurrer. (*Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627.) When the facts in exhibits are contrary to the facts alleged in the complaint, however, the exhibits take precedence. (*Ibid*.)

We need not accept as true allegations that are contradicted or inconsistent with matters subject to judicial notice, including exhibits attached to the complaint. (*Del E. Webb Corp. v. Structural Materials Co*. (1981) 123 Cal.App.3d 593, 604; *Holland v. Morse Diesel Internat., Inc*. (2001) 86 Cal.App.4th 1443, 1447.) Appellate courts may rely on and accept as true the contents of exhibits attached to the complaint and "treat as surplusage the pleader's allegations as to the legal effect of the exhibits." (*Barnett v. Fireman's Fund Ins. Co*. (2001) 90 Cal.App.4th 500, 505.)

II. *ANALYSIS*

A. *Failure To Exhaust Judicial Remedies*

As we shall explain, before Sedrak could pursue a damages claim against the City he was required to exhaust his judicial remedies under Code of Civil Procedure[1] section 1094.5. In *Westlake Community Hosp. v. Superior Court* (1976) 17 Cal.3d 465, 484, the California Supreme Court held that unless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions. This requirement of exhaustion of judicial remedies is to be distinguished from the requirement of exhaustion of administrative remedies. (*Knickerbocker v. City of Stockton* (1988) 199 Cal.App.3d 235, 241.)

Exhaustion of *administrative* remedies is "a jurisdictional prerequisite to resort to the courts." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 293.) Exhaustion of judicial remedies, by contrast, is necessary to avoid giving binding "effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive *judicial* remedy for reviewing administrative action." (*Briggs v. City of Rolling Hills Estates* (1995) 40 Cal.App.4th 637, 646, fn. omitted.)

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

In the absence of a successful challenge under section 1094.5, the underlying decision of the administrative tribunal is presumed correct and has binding effect because it has achieved finality. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 69-70.)

In this case, rather than seeking to exhaust his judicial remedies, Sedrak voluntarily dismissed his writ petition on the day his opening brief was due. By doing this, he could not exhaust his judicial remedies before pursuing the remainder of his claims. Therefore, this defect could not be corrected by further amendment of his complaint and the court properly sustained the demurrer without leave to amend.

Sedrak asserts that his complaint is sufficient because he pleaded a cause of action for declaratory relief and that is akin to a writ petition. This contention is unavailing.

As the California Supreme Court held in *State v. Superior Court* (1974) 12 Cal.3d 237, 251: "[the applicant] is essentially seeking to review the validity of an administrative action and . . . such review is properly brought under the provisions of [section 1094.5] *rather than by means of declaratory relief*." (Italics added.) As this court explained in *City of Santee v. Superior Court* (1991) 228 Cal.App.3d 713, 718-719:

> "[A] proceeding under [section 1094.5] is the exclusive remedy for judicial review of the quasi-adjudicatory administrative action of the local-level agency. [Citation.] :Unless a party seeks a declaration a statute or ordinance controlling development is facially unconstitutional as applied to all property governed and not to a particular parcel of land, an action for declaratory relief may not be had. [Citations.] An action for declaratory relief is not appropriate to review the validity of an administrative decision. [Citations.] Rather, the proper method to challenge the validity of conditions imposed on a building permit is administrative mandamus under [section 1094.5]. . . . In other words, because the validity of the permit condition was at issue in the prior administrative proceeding, . . . failure to contest the validity of the . . . conditions

8

by the means provided for judicial review through administrative mandamus estops it now from relitigating the same issue . . . ." (Fn. omitted.)

In support of his position that his declaratory relief cause of action sufficed, Sedrak relies on *Lee v. Blue Shield* (2007) 154 Cal.App.4th 1369 (*Lee*). However, that case is distinguishable.

*Lee* involved a failure to exhaust administrative remedies, not a failure to exhaust *judicial* remedies. Moreover, in *Lee* the Court of Appeal noted that because the object of the plaintiff's complaint was an order compelling an organization to hold a hearing, it would be treated as a petition for writ of mandate even though it was not labeled as such. (*Lee, supra,* 154 Cal.App.4th at p. 1379.) Here, by contrast, Sedrak *did* file a writ petition, but then dismissed it voluntarily, evidencing an intent to abandon that claim.

Further, by failing to obtain a judgment on his writ petition, Sedrak failed to exhaust his judicial remedies. "There is an obvious and fundamental distinction between initiating mandamus and obtaining a judgment. The Supreme Court tells us '[a] final administrative decision includes exhaustion of any available review mechanism.'" (*Mola Development Corp. v. City of Seal Beach* (1997) 57 Cal.App.4th 405, 407, italics omitted.) Because Sedrak failed to bring his writ petition to resolution, he cannot challenge the City's denial of his CUP application.

B. *Failure To File Governmental Claim*

As noted, *ante*, one basis upon which the court relied in dismissing Sedrak's action was his failure to file a governmental tort claim. Sedrak asserts this was error because (1) he dispensed with the need to file a claim by filing his complaint less than a month after

9

the decision of the city council; and (2) the claim filing requirement was tolled because statutes of limitation "'shall be tolled during the period that charges are pending before the superior court.'" These contentions are unavailing.

As to the tolling argument, Sedrak quotes from Government Code section 945.3 (erroneously cited as section 945), which provides: "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court. [¶] Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court."

However, this is not an action against a peace officer, and there are no charges pending in the superior court. Accordingly, Government Code section 945.3 has no application to this case.

Moreover, Sedrak's appeal to the city council after the planning commission denied his CUP application did not constitute a presentation of a government tort claim. The claim filing statutes require a written document that alleges the factual basis for recovery, such that it places the public entity on notice of an intent to file a lawsuit. (*Castaneda v. Department of Corrections and Rehabilitation* (2013) 212 Cal.App.4th 1051, 1062.)

10

Sedrak asserts that he did not need to comply with the claim filing requirement because, since he appealed the denial of his CUP application to the city council, Norco knew about the circumstances of his claim. We reject this contention.

"The purpose of the claims statutes is not to prevent surprise, but 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. [Citations.] It is well-settled that claims statutes must be satisfied *even in face of the public entity's actual knowledge of the circumstances surrounding the claim.*" (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738, italics added.)

Thus, the trial court properly found that the complaint was barred and properly sustained Norco's demurrer without leave to amend on this ground as well.

C. *Sedrak's Constitutional Challenge to Ordinances*

Sedrak asserts that he properly challenged the constitutionality of Norco's city codes and ordinances as to its denial of his CUP through a declaratory relief cause of action. This contention is unavailing.

In support of the assertion, Sedrak relies on *State v. Superior Court* (1974) 12 Cal.3d 237. However, that decision actually supports the court's sustaining of Norco's demurrer. In *State*, the California Supreme Court held that "[i]t is settled that an action for declaratory relief is not appropriate to review an administrative decision." (*Id.* at p. 249.) Our high court in *State* acknowledged that declaratory relief is available to challenge the facial validity of an ordinance, but held that as to a cause of action attacking the "application" of an ordinance to a particular plaintiff, "such review is

11

properly brought under the provisions of [section 1094.5] rather than by declaratory relief."  (*State,* at p. 251.)

Further, to the extent that Sedrak is asserting Norco's ordinances are "facially" unconstitutional, that claim fails as well.  A facial challenge to an ordinance will be valid only if the plaintiff can show the ordinance is arbitrary and unreasonable, having no substantial relation to the public health, safety or general welfare.  (*Associated Homebuilders etc., Inc. v. City of Livermore* (1976) 18 Cal.3d 582, 604-605.)  Moreover, it is presumed that the ordinances are constitutional and, if it is fairly debatable that the ordinances are reasonably related to the public welfare, the ordinances are constitutional. (*Ibid*.)

Here, the subject ordinances are rationally related to Norco's power to regulate land use, and, in particular, gas stations.  (*Clemons v. City of Los Angeles* (1950) 36 Cal.2d 95, 99.)  As we shall explain, *post*, in support of its demurrer, Norco requested that the trial court take judicial notice of its ordinances establishing the reasonableness of its decision to deny Sedrak a CUP.  Sedrak has not cited any facts to dispute those findings.

In January 1973 Norco adopted Ordinance No. 243, its first comprehensive zoning ordinance incorporating the service station development requirements, including the 1,500-foot buffer, as well as the minimum lot size of 22,500 square feet and the requirement that each service station have no less than three visitor parking spaces.

In September 1981 Norco adopted Ordinance No. 460, slightly modifying the development standards. A staff report issued in support of the ordinance provides in relevant part:

> "The Planning Commission noted that the reason Norco's Code is restrictive on service station location is to preclude the proliferation of service stations on every main intersection and key lot as happened in Orange County in the 1960's. . . . However, it appears now that the same concerns are reduced . . . . Nevertheless, the Planning Commission expressed a desire to retain some criteria on location. CALTRANS was contacted for their opinion. They feel that corner lots or rear corner lots of interchanges with traffic control devices are the safest sites to move fuel trucks on and off while other sites need to be carefully reviewed for proper access, traffic visibility and ability to cross or move with street traffic. [¶] The present code appears to take care of most problems noted by the Planning Commission and CALTRANS simply because it restricts service stations to very few sites. However, the restrictive nature may also prohibit new service station development where the problem can be mitigated. Therefore, staff believes the code needs to be amended to provide some flexibility while retaining restriction on proliferation and development on inappropriate sites."

In November 1983 Norco adopted Ordinance No. 500, slightly modifying the parking requirement to address retail uses such as mini marts. As the staff report supporting the ordinance stated:

> "The multiple use a of service station site takes on characteristics different from a typical retail development. The gas dispensing areas create a potential safety hazard and must be properly designed to allow free movement of vehicles. Adequate queing [*sic*] of vehicles must be planned for so as not to interfere with retail parking areas and traffic circulation on the City's streets. Therefore effectiveness mixing gasoline sales and retail use depends primarily on the design of the site."

Thus, in sum, Norco's restrictions on service stations are reasonably related to the public welfare, and the ordinances are therefore constitutional.

13

D. *Failure To Make Requested Findings*

Last, Sedrak asserts that the trial court erred by failing to make findings of fact in its statement of decision that he requested. However, he does not identify what findings he requested. Therefore, we need not reach this contention. (Cal. Rules of Court, rule 8.204(a)(1)(C); *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.)

## DISPOSITION

The judgment is affirmed. Norco shall recover its costs on appeal.


NARES, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

14