*Supp. 890
 
 BISHOP, P. J.
 

 The trial court sustained defendant’s demurrer to the complaint filed against him and then, upon the People’s statement that they did not intend to amend, discharged the defendant. The demurrer should not have been sustained on any of the grounds specified in it, and we are reversing the judgment upon the appeal taken by the People.
 

 The charging words of the complaint are these: “... in the City of Glendale . . . [the defendant] . . . did willfully and unlawfully have and maintain a bus storage facility contrary to the provisions of . . . Section 307 of the Glendale Municipal Code.” In his demurrer the defendant set forth three grounds: first, “that the facts stated in the complaint do not constitute a public offense”; second, that a “bus storage facility” is a business similar to a “Public Garage” and so permitted by section 307 of the Glendale Code; and, finally, that section 307 is invalid because its standards of misconduct are too vague to satisfy due process.
 

 The Glendale zoning ordinance constitutes a part of the city’s municipal code. It divides the city into a number of zones; two, designated as C3 and M2 are involved in our problem. Section 307 opens with these words: “The following regulations shall apply in the C3 commercial zone: No building, structure or land shall be used and no building or structure shall be hereafter erected, structurally altered, enlarged or maintained except for the following uses:” Then follows a list of permitted uses, beginning with “Any use permitted in the Cl restricted commercial zone,” and continuing with “ (2) any store or shop for the conduct of a wholesale ór retail business ... (6) Dancing academy ... (8) Furniture store . . . (16) Public garage. (17) Shoe Repair shop”—and others, totalling twenty-two in all. A twenty-third is added in these words: “ (23) Other similar businesses, trades or uses which in the opinion of the council are not more obnoxious or detrimental to the welfare of the particular community than the businesses, trades or uses herein in this section enumerated.”
 

 It is sufficient for us to know, respecting the M2 zone, that it is a zone where any use, “not prohibited in the city,” is expressly permitted. Nowhere in the zoning ordinance is “a bus storage facility” expressly permitted, with the result that it is not expressly allowed in any of the zones other than zone M2, but neither is it expressly prohibited in the city, and so may be maintained in that part of the city falling within zone M2.
 

 
 *Supp. 891
 
 We find ourselves in agreement with the premise reached by the trial court, and supported there and on appeal by the defendant, but differ from them as to the conclusion that should follow. We agree that the 23rd item in section 307, of the Glendale Code, is too vague and uncertain to be valid legislation. No person can know what use is or is not permitted under the terms of the item, and no procedure is prescribed whereby it may be ascertained. But it does not follow that a use, not one of the 22 expressly permitted, is, because of this uncertainty of item 23, thereby authorized. We have no hesitancy in saying that section 307 would be adopted had item 23 been omitted. The various uses that came to the mind of the city council were expressly named: item 23 is an attempt to take care of other uses either not yet known or not thought of. They can quickly and easily be added by amendment. Their omission should not affect the constitutionality of the section as it stands with item 23 held not to add an unidentified use. Until listed, it remains prohibited in zone C3. Notwithstanding what we have just said, and in order to avoid any misunderstanding, we merely observe that defendant, upon the trial, is not precluded from proving, if he can, that the city council has, under the assumption that item 23 gave it authority to admit uses not mentioned, so applied the same as to render section 307 of the ordinance unconstitutional as applied to the defendant and his property.
 

 To be immune to criticism, the complaint should have alleged that the defendant maintained his bus storage facility in a C3 zone, but this defect was not particularized in the demurrer, and in view of the terms of section 307, no misunderstanding is possible as to the charge made.
 

 The judgment of dismissal is reversed, with directions to overrule defendant’s demurrer and to arraign him for a plea.
 

 Patrosso, J., and Swain, J., concurred.