[No. A019100. First Dist., Div. Five. June 25, 1985.]

SAM NOVI et al., Plaintiffs and Appellants, v.
CITY OF PACIFICA et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

*Parts I and II are not published because they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

**COUNSEL**

Robert Willis Walker and Payne, Thompson & Walker for Plaintiffs and Appellants.

Susan M. Schectman and Robert J. Lanzone, City Attorneys, for Defendants and Respondents.

## OPINION

**KING, J.**—In this case we hold that land-use ordinances precluding uses that would be detrimental to the "general welfare" and precluding developments that would be "monotonous" in design and external appearance are not unconstitutionally vague. Sam Novi appeals from a judgment in favor of the City of Pacifica in Novi's action to compel the city to issue use and site development permits for the construction of a condominium project. We affirm the judgment.

On March 31, 1980, Novi applied to the city for a permit to construct a 48-unit condominium project on approximately 2.3 acres near Highway 1 in Pacifica. The project was to consist of eight 4-story buildings.

The city planning commission certified a negative declaration (declaring the lack of a need for an environmental impact report) on July 2, 1980. The negative declaration required seven mitigation measures. The first mitigation measure was "Reduction of project density to achieve: at random building placement, reduction in grading and the use of retaining walls, avoidance of the linear monotony and massive bulky appearance and the achievement of a small scale village atmosphere characteristic of Pacifica."

Novi did not comply with the first mitigation measure. At a planning commission hearing held on August 18, 1980, Novi asserted that "[m]ajor alteration in building design to lower the profile, reduce density and bulk, is too costly . . . ." A developer involved in the project, Renan Dominguez, testified, "We cannot comply with the mitigation of reducing the density and still live with the project." Dominguez stated that a "small village atmosphere" as stated in the negative declaration "means a two-story building and we cannot live with a two-story building on this site."

Instead, Novi submitted a revised set of plans in March 1981, calling for two connected four-story buildings containing 24 units each. At a planning commission hearing on April 20, 1981, Novi asserted that "[r]andom placement of the buildings on the site is not economically feasible nor practical because of the topography of the site . . . ." Dominguez asserted that "[t]o further reduce the number of units . . . would substantially increase the cost per unit in proportion to the number reduced . . . ." Dominguez promoted the revised plans as "a compromise to satisfy the mitigations" required by the negative declaration.

At the April 20 hearing the planning commission, by a vote of seven to zero, denied a use permit and a site development permit based on written findings by the planning commission's staff.

The findings stated that the use permit was denied due to inconsistency with Pacifica Municipal Code section 9-4.3303. That ordinance precludes use permits for uses which would "be detrimental to the health, safety, morals, comfort, and general welfare of the persons residing or working in the neighborhood of such proposed use or be injurious or detrimental to property and improvements in the neighborhood or to the general welfare of the city."

The findings further stated that the site development permit was denied under Pacifica Municipal Code section 9-4.3204, subdivisions (d) and (g). Subdivision (d), in pertinent part, precludes a site development permit if "the proposed development, as set forth on the plans, . . . will hinder or discourage the appropriate development and use of land and buildings in the neighborhood, or impair the value thereof." Subdivision (g) precludes a site development permit if "there is insufficient variety in the design of the structure and grounds to avoid monotony in the external appearance."

Finally, the findings stated that the proposed project did not satisfy the mitigation measures required in the negative declaration.

Novi appealed the planning commission's decision to the city council, which upheld the decision by a vote of three to one.

On November 13, 1981, Novi filed a first amended petition for writ of administrative mandamus (Code Civ. Proc., § 1094.5) and complaint for declaratory relief and damages, seeking to compel the city to issue the use and site development permits. The court rendered judgment for the city.

I.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

III.

Novi claims he was denied due process because portions of the relevant Pacifica ordinances were vague both facially, for want of specification of objective criteria, and as applied to him. (See generally *Amusing Sandwich,*

*See footnote, *ante,* page 678.

*Inc.* v. *City of Palm Springs* (1985) 165 Cal.App.3d 1116, 1128 [211 Cal.Rptr. 911]; *People* v. *Gates* (1974) 41 Cal.App.3d 590, 595 [116 Cal.Rptr. 172].)

■ The "general welfare" ordinance, Pacifica Municipal Code section 9-4.3303, is not unconstitutionally vague. A nearly identical general welfare ordinance was upheld against a claim of vagueness in *Melton* v. *City of San Pablo* (1967) 252 Cal.App.2d 794, 802-803 [61 Cal.Rptr. 29].

■ The anti-"monotony" provision in Pacifica Municipal Code section 9-4.3204, subdivision (g), is also not unconstitutionally vague. Novi argues that the subdivision lacks objective criteria for reviewing the element of monotony, and that such criteria are required for aesthetic land use regulations by *Metromedia, Inc.* v. *City of San Diego* (1980) 26 Cal.3d 848 [164 Cal.Rptr. 510], reversed on another point in *Metromedia* v. *San Diego* (1981) 453 U.S. 490 [69 L.Ed.2d 800, 101 S.Ct. 2882]. But nowhere does the California Supreme Court's opinion in *Metromedia* state such a requirement. The opinion states only that aesthetic regulation is permissible if it is reasonably related to the public safety and welfare. (26 Cal.3d at pp. 860-865.)

■ In fact, a substantial amount of vagueness is permitted in California zoning ordinances: "[I]n California, the most general zoning standards are usually deemed sufficient. 'The standard is sufficient if the administrative body is required to make its decision in accord with the general health, safety, and welfare standard.' (Cal. Zoning Practice (Cont.Ed.Bar [1969]) p. 147.) . . . 'California courts permit vague standards because they are sensitive to the need of government in large urban areas to delegate broad discretionary power to administrative bodies if the community's zoning business is to be done without paralyzing the legislative process.' (Cal. Zoning Practice, *supra,* at p. 148.)" (*People* v. *Gates, supra,* 41 Cal.App.3d at p. 595.)

■ Here, subdivision (g) of section 9-4.3204 requires "variety in the design of the structure and grounds to avoid monotony in the external appearance." The legislative intent is obvious: the Pacifica city council wishes to avoid "ticky-tacky" development of the sort described by songwriter Malvina Reynolds in the song, "Little Boxes." No further objective criteria are required, just as none are required under the general welfare ordinance. Subdivision (g) is sufficiently specific under the California rule permitting local legislative bodies to adopt ordinances delegating broad discretionary power to administrative bodies.[3]

---

[3]Novi also contends he was denied equal protection as a result of nonuniform application of zoning laws (see Gov. Code, § 65852), but he does not demonstrate any nonuniform treatment.

Novi does not contend that subdivision (d) of section 9-4.3204 is unconstitutionally vague.

■ The challenged ordinances were not applied to Novi in a vague manner. Indeed, vagueness was never a problem here. The negative declaration defined specific pertinent mitigation requirements, including a reduction in density, random building placement, reduction in grading and the use of retaining walls, avoidance of "linear monotony and massive bulky appearance," and the achievement of "a small scale village atmosphere characteristic of Pacifica." The last two factors were admittedly somewhat more general than the first three, but Novi and Dominguez demonstrably understood what was required. They simply refused to reduce density, accept random building placement, or reduce the number of stories of the structures, expressly stating that these measures would be too costly. Novi deliberately chose to litigate rather than mitigate.

Moreover, even if the challenged ordinances were vague either facially or as applied, the planning commission acted correctly in denying the use and site development permits because of Novi's undisputed failure to satisfy the mitigation requirements of the negative declaration. Without an environmental impact report or a negative declaration (with mitigation measures agreed to by the city and Novi), the project could not go forth. (Pub. Resources Code, §§ 21080, 21100.)

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.