139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen J.L. PAGE, Plaintiff-Appellant,
v.
City of Pacific Grove; Monterey Peninsula Regional Park
District; Gary Tate; Anthony Lobay; Robert Nunn; Dina
Stansbury; Florence Schaefer; Sandra Koffman; California
Coastal Commission, Defendants-Appellees.
Stephen J.L. PAGE, Plaintiff-Appellant,
v.
City of Pacific Grove, Defendant,
and
Robert NUNN; Florence Schaefer, Defendants-Appellees.
 No. 96-15959, 97-15036.
D.C. No. CV-95-20821-RMW.
D.C. No. CV-95-29821-RMW.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 12, 1998**.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California Ronald M. Whyte, District Judge, Presiding.
 Before SNEED, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Park District and its officials, Tate and Stansbury, had no power to grant or deny any of Page's requested permits. Nor is opposing Page's permit application before the Coastal Commission a violation of any rights, and such lobbying is not evidence of any conspiracy. See Vieux v. East Bay Reg'l Park Dist., 906 F.2d 1330, 1343 (9th Cir.1990). The claims against the Park District defendants were properly dismissed for failure to state a claim.
 
 
 3
 The district court correctly noted that Page's allegations against Pacific Grove and its individual defendants--Sandra Koffman, Anthony Lobay, Robert Nunn, and Florence Schaefer--fall into two types. The first concerns conduct during the time period before the state court proceedings. The state court order is res judicata with respect to such conduct. The second alleges violation of the state court order. Such claims are properly brought in the state court, which retained jurisdiction to enforce its order.
 
 
 4
 The district court correctly held that the claim against the California Coastal Commission is barred because Page didn't seek judicial review of the permit decision within sixty days, as required under Cal. Pub. Res.Code § 30801. See Briggs v. City of Rolling Hills Estates, 40 Cal.App.4th 637, 645-46, 47 Cal.Rptr.2d 29 (1995); Misischia v. Pirie, 60 F.3d 626, 629 (9th Cir.1995). Page contends that he is not seeking review of this administrative decision, but rather alleging that the Commission participated in a conspiracy to violate his constitutional rights. Yet how did the Commission contribute to this conspiracy? By issuing a permit with allegedly burdensome conditions. Adjudicating this claim would be equivalent to reviewing the permit decision.
 
 
 5
 The district court did not abuse its discretion in awarding attorneys fees and costs to Nunn and Schaefer. See Franceschi v. Schwartz, 57 F.3d 828, 832 (9th Cir.1995).
 
 
 6
 AFFIRMED. The requests of the City and Park District defendants for attorneys fees on appeal are denied.
 
 
 
 **
 After a request by the appellant, the panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3