Alexander DJORDJEVIC,
Plaintiff—Appellant,

v.

THE CITY & MUNICIPALITY OF WALNUT CREEK; Walnut Creek Planning Commission; Walnut Creek Redevelopment Agency; Ken Nodder; Terry Ring, Jr.; Broadway Investors & Their Successor in Interest, Defendants—Appellees.

No. 04–15310.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 20, 2005.*

Decided Oct. 25, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

F. Anthony Edwards, Seibel Finta & Edwards, Walnut Creek, CA, for Plaintiff–Appellant.

Kirk E. Trost, Esq., Miller Owen & Trost, Sacramento, CA, for Defendants–Appellees.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and HATTER,** District Judge.

## MEMORANDUM ***

Djordjevic failed to bring a timely administrative mandamus action in state court to challenge the revocation of his conditional use permit. *See* Cal.Civ.Proc. Code §§ 1094.5, 1094.6(b). Thus, the administrative decision to revoke his permit has the effect of a final state court judgment. *See Johnson v. City of Loma Linda*, 24 Cal.4th 61, 99 Cal.Rptr.2d 316, 5 P.3d 874, 876 (2000); *Westlake Cmty. Hosp. v. Superior Court*, 17 Cal.3d 465, 131 Cal.Rptr. 90, 551 P.2d 410, 421 (1976); *Briggs v. City of Rolling Hills Estates*, 40 Cal.App.4th 637, 47 Cal.Rptr.2d 29, 33 (1995).

We are required to give preclusive effect to the findings of state administrative tribunals in subsequent civil rights actions. *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986); *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032–38 (9th Cir.1994). Preclusion "extend[s] to state administrative adjudications of legal as well as factual issues, even if unreviewed, so long as the state court proceeding satisfies the requirements of fairness outlined in [*United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966) ]." *Miller*, 39 F.3d at 1032–33 (second alteration in original) (quoting *Guild Wineries & Distilleries v. Whitehall Co.*, 853 F.2d 755, 758 (9th Cir. 1988)). Djordjevic does not claim the revocation proceeding failed to meet these requirements.

Djordjevic's argument that the equal protection violation did not occur until another restaurant was granted a conditional use permit at the same location but subjected to conditions different from those imposed on him misses the mark. That another restaurant was granted a permit subject to different conditions might be *proof* of an equal protection violation. But the violation itself, if any, occurred at the time he was denied his permit. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001). Djordjevic litigated his claim of disparate treatment during the course of the administrative proceedings, and that claim was resolved against him. Subsequently acquired proof of the alleged violation does not resuscitate a claim that was resolved against him in the prior proceedings.

AFFIRMED.

** The Honorable Terry J. Hatter, Jr., Senior United States District Court Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.