

**FILED**

MAR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

J. H. McQUISTON,

          Plaintiff - Appellant,

    v.

CITY OF LOS ANGELES; ANTONIO
VILLARAIGOSA, Mayor; MARGARET C.
FIELDS, Property Owner; SHAUN BUTLER,
Property Lessee; RENEE WEITZER, City
Employee; LINN K. WYATT, City
Employee; ED P. REYES, City Council
Member; PAUL KREKORIAN, City Council
Member; OCCIDENTAL ENTERTAINMENT
GROUP HOLDINGS, a California
Corporation, Property Sublessor;
COMMUNITY INVESTMENT HOLDINGS,
INC., a California Corporation, Property
Sublessee, DBA The Zone,

          Defendants - Appellees.

No. 12-56454

D.C. No. 2:11-cv-05149-DSF

MEMORANDUM<sup>*</sup>

---

Appeal from the United States District Court
Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 7, 2014<sup>**</sup>
Pasadena, California

---

      <sup>*</sup>     This disposition is not appropriate for publication and may not be
cited to or by the courts of this circuit except as may be provided by Ninth Circuit
Rule 36-3.

      <sup>**</sup>    The panel unanimously finds this case suitable for decision without
oral argument.  Fed. R. App. P. 34(a)(2).

Before:    PREGERSON, MURPHY,[***] and BERZON, Circuit Judges.

J. H. McQuiston brought suit in federal court to challenge the City of Los Angeles's grant of a variance allowing The Zone to operate a "sexual encounter establishment" at 1037 North Sycamore Avenue (the "North Sycamore property").[1]  The Individual Defendants moved to dismiss; the City Defendants moved for judgment on the pleadings.  The district court granted the motions and McQuiston appeals.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

**1.**  McQuiston asserts the district court erred in considering the City Defendants' motion for judgment on the pleadings.  McQuiston argues the district court should have dismissed that pleading, which was directed at the second amended complaint, as moot and directed the City Defendants to file a new motion directed at the third amended complaint.  This argument is frivolous.  As

[***]    The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals, Tenth Circuit, sitting by designation.

[1]    McQuiston's suit raises claims against two groups of defendants. The "Individual Defendants" encompass: Shaun Butler and Community Investment Holdings, Inc., the owners and operators of The Zone; Margaret Fields, the owner of the North Sycamore property; and Occidental Entertainment Group Holdings, the commercial tenant who leases the North Sycamore property from Fields and subleases the property to the operators of The Zone.  The "City Defendants" encompass: the City of Los Angeles; Mayor Antonio Villaraigosa; City Councilmembers Ed. P. Reyes and Paul Krekorian; Associate Zoning Administrator Linn K. Wyatt; and Renee Weitzer, Planning Director to Councilmember Tom LaBonge.

regards to the City Defendants, McQuiston's claims, factual allegations, and legal arguments did not change in any material way from the second to the third amended complaints. Furthermore, McQuiston filed an extensive memorandum of points and authorities responsive to the City Defendants' motion for judgment on the pleadings. Finally, McQuiston has not identified any prejudice flowing to him from the district court's decision to treat the City Defendants' motion as applying to the third amended complaint and considering that motion, along with his response, in resolving this case. *Cf.* Fed. R. Civ. P. 1 (stating the rules of civil procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

**2.** McQuiston's 42 U.S.C. § 1985(3) conspiracy claim fails because he never alleged any defendant's actions were "motivated by some racial, or . . . otherwise class-based, invidiously discriminatory animus." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quotation omitted).

**3.** The facts set out in McQuiston's third amended complaint fail to allege a viable conspiracy claim under 42 U.S.C. § 1983. To properly allege a § 1983 conspiracy between private individuals and state actors, a plaintiff must set out facts, which if true, demonstrate at least one private individual reached a specific agreement with at least one state actor to violate the plaintiff's constitutional rights. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir. 2001); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th

3

Cir. 1989) (en banc). McQuiston merely alleged the Individual Defendants: (1) sought a variance to which they knew they were not entitled and (2) could not have obtained the variance without the cooperation of city officials. It is simply not plausible to draw from these factual assertions the inference that at least one Individual Defendant and one City Defendant acted jointly with the specific common purpose of depriving McQuiston of his civil rights. *Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

**4.** McQuiston's state-law claim, premised on California Civil Procedure Code § 1094.5, was untimely.[2] McQuiston suggests it was improper to consider the California Government Code § 65009(c)(1)(E) limitations period because his complaint sought relief pursuant to § 1983. As to state-law claims, however, this court must apply California's limitation rules. *Ragan v. Merch. Transfer & Warehouse Co.*, 337 U.S. 530, 533–34 (1949).

McQuiston argues his § 1094.5 claim was timely filed because the City Defendants did not demonstrate a final decision on the variance was ever mailed to him. This argument misconstrues the Los Angeles Municipal Code. Section 12.27(M) provides as follows:

---

[2] Because McQuiston's state-law claim is untimely, and because neither party raises the issue, this court need not decide whether § 1094.5 sets out a state-law cause of action over which a federal court can assume supplemental jurisdiction or, instead, merely establishes a mechanism for state judicial review of administrative tribunals.

> [A] decision by the Area Planning Commission granting or confirming the grant of a variance shall become final after 15 days from the date it was mailed to the applicant, unless an appeal is filed with the Council within that period. The filing of an appeal stays proceedings in the matter until the Council makes a decision on the matter.

It is uncontested McQuiston filed such an appeal. Thus, the finality question is properly resolved by reference to Los Angeles Municipal Code § 12.27(P). That provision indicates that if the Council affirms the grant of a variance, the matter is transmitted to the Mayor. If the Mayor approves the variance, as he did here, the matter is final, thus triggering the ninety-day period set out in the California Government Code § 65009(c)(1)(E). Accordingly, the ninety-day limitation period set out in § 65009(c)(1)(E) began to run upon the Mayor's approval of the variance, and McQuiston's state-law claim was untimely because it was neither filed nor served in that ninety-day window.[3]

Relying on *Lesher Communications, Inc. v. City of Walnut Creek*, 802 P.2d 317 (Cal. 1990), McQuiston argues that because the variance is inconsistent with law, it is void *ab initio* and this court can so declare without regard to any limitations period. *Lesher* did not involve a variance or the potential applicability of a limitations period. Instead, it involved the validity of a voter-passed municipal initiative. Section 65009(c)(1)(E), on the other hand, sets out a specific limitations period applicable to zoning variances. That limitations period

---

[3] McQuiston does not contend he was delayed in filing or serving his complaint because he did not receive notice the mayor approved the variance.

5

is supported by legislative findings on the need to quickly and finally settle land-use issues to help resolve California's housing crisis. Cal. Gov't Code § 65009(a). There is no support in California law for the notion a variance can be challenged in court at any point in the future as long as the plaintiff asserts the grant of the variance was legally improper.

**5.** Under the facts in this case, the unreviewed administrative approval of The Zone's variance request forecloses McQuiston's § 1983 claims. Federal law provides that the "[a]cts, records and judicial proceedings" of "any State" "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. Pursuant to § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The same rule applies to administrative proceedings that are adjudicative in nature. *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 326–27 (9th Cir. 1995). In determining the preclusive effect of a California administrative decision, this court follows California's rules of preclusion. *See Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 482 (1982). "Under California law, a prior administrative proceeding, if upheld on review (or not reviewed at all), will be binding in later civil actions to the same extent as a state court decision if the administrative proceeding

6

possessed the requisite judicial character." *White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (quotation omitted); *see also Briggs v. City of Rolling Hills Estates*, 47 Cal. Rptr. 2d 29, 32–36 (Cal. App. 1995) (concluding plaintiffs' § 1983 challenge to legality of variance conditions was precluded by administrative resolution from which plaintiffs did not seek mandamus pursuant to § 1094.5).

The administrative proceedings through which The Zone obtained its variance are clearly adjudicatory in nature. *See Briggs*, 47 Cal. Rptr. 2d at 35–36 (concluding variance decisions like the one at issue here are adjudicatory, rather than legislative). At every step in the administrative proceedings, the legal standard set out in Los Angeles Municipal Code § 12.27 was applied to facts developed via the taking of testimony and admission of evidence. The allegations in McQuiston's own complaint demonstrate he litigated in the administrative proceedings the very issues he now seeks to advance in this federal litigation. The California state courts would conclude McQuiston's § 1983 claims are subject to preclusion.

McQuiston points to four scattered pages in the record as support for the proposition the administrative proceedings were not adjudicatory because of various procedural irregularities. The cited portions of the record do not support McQuiston's assertion of procedural irregularity. In any event, even assuming the truth of McQuiston's allegations, they do not come close to demonstrating

7

McQuiston did not have an adequate opportunity to litigate the legal and factual propriety of The Zone's variance request. That being the case, the district court correctly concluded the resolution of those legal and factual issues preclude McQuiston's instant claims under § 1983.

The order of the district court granting the Individual Defendants' motion to dismiss and the City Defendants' motion for judgment on the pleadings is hereby **AFFIRMED**.