PER CURIAM.
This case is back before us on reversal and remand from the United States Supreme Court. Howlett v. Rose, — U.S. -, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). This court had previously, on the authority of Hill v. Department of Corrections, State of Florida, 513 So.2d 129 (Fla.1987), cert. denied, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), affirmed the trial court’s dismissal with prejudice of appellant’s action against appellees pursuant to the Judicial Civil Rights Act of 1871, 42 U.S.C. § 1983. Howlett v. Rose, 537 So.2d 706 (Fla. 2d DCA), rev. denied, 545 So.2d 1367 (Fla.1989). The United States Supreme Court, in reversing the previous decision of this court and remanding the matter to us, held that we improperly applied Hill.
In previously deciding this case on the authority of Hill, we did not reach two other issues raised by appellant, i.e., whether under federal law a Florida school board is immune from a section 1983 action, and whether it is necessary to exhaust state administrative remedies prior to bringing an action under section 1983.
School boards have generally been held not to be immune under federal law from a 1983 action. Monell v. New York City, Dep’t of Social Serv., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, a school board does not appear to be liable even under federal law on a respondeat superior theory for the constitutional torts of its employees absent the employee’s action pursuant to official board policy. St. Louis v. Praprotnik, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); Monell, 436 U.S. at 691, 98 S.Ct. at 2036. That question has not been addressed in this case either by this court or the trial court and, on remand, if that question poses an issue in the proceeding it should then be *30 addressed by the trial court. See Howlett v. Rose, 110 S.Ct. 2430, 2433, nn. 2, 3.
Exhaustion of state administrative remedies is not a prerequisite to an action under section 1983. Patsy v. Florida Bd. of Regents, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). The order of the trial court dismissing appellant’s action is, therefore, reversed and this cause is remanded for further proceedings consistent with this opinion and the opinion of the United States Supreme Court in Howlett v. Rose.
RYDER, A.C.J., and CAMPBELL and FRANK, JJ., concur.