HAROLD DECOSTE AND IN BEHALF OF ALL WHO HAVE BEEN
CHARGED PURSUANT TO WAHOO CITY ORDINANCE 1413, OTHER
THAN THOSE NAMED AS DEFENDANTS HEREIN, APPELLEE AND
CROSS–APPELLANT, V. THE CITY OF WAHOO, A MUNICIPAL
CORPORATION, ET AL., APPELLANTS AND CROSS–APPELLEES.
534 N.W.2d 760
Filed July 21, 1995. No. S–94–526.

Charles H. Wagner and Maureen Freeman–Caddy, of
Edstrom, Bromm, Lindahl, Wagner & Miller, for appellants.

Neil W. Schilke, of Sidner, Svoboda, Schilke, Thomsen,
Holtorf & Boggy, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT,
and CONNOLLY, JJ., and LIKES, D.J.

LANPHIER, J.

Appellee, Harold DeCoste, brought suit in the district court
for Saunders County against appellants, the City of Wahoo, the
mayor of Wahoo, and members of the Wahoo City Council.
Appellee sought to enjoin the enforcement of two city
ordinances, Nos. 1413 and 1416. Appellee also sought to have
the ordinances declared void, have the money collected pursuant
to those ordinances returned, and have appellee's attorney fees
and expenses taxed to appellants pursuant to 42 U.S.C. §§ 1983
and 1988 (1988 & Supp. IV).

The ordinances were apparently enacted after Wahoo's solid
waste disposal area was found to be contaminating ground water
and federal regulations required that the landfill be closed. In
order to fund the closing of the landfill, the city adopted
ordinances Nos. 1413 and 1416. Ordinance No. 1413 provided

that a management fee be levied against the residences and commercial and industrial businesses authorized to utilize the solid waste area. Residences were charged a management fee of $10 per month, and businesses were charged $20 per month. Ordinance No. 1416 provided that residents delinquent in paying the management fee would be denied the use of the waste disposal area.

On April 22, 1993, appellee, on behalf of all who were charged pursuant to ordinance No. 1413, filed an amended petition in the district court for Saunders County. Appellee alleged that there was no statutory authority for the imposition of the management fee and that the management fee violated the equal protection provisions of the Nebraska and U.S. Constitutions. Appellee asked the district court to issue an injunction prohibiting appellants from making any further demand for payment of the management fees, to declare ordinances Nos. 1413 and 1416 void and unenforceable, and to order that all funds received pursuant to those ordinances be returned. Appellee further alleged that he had been subjected to a deprivation of his rights and privileges secured by the U.S. Constitution and that he was entitled to damages under 42 U.S.C. § 1983.

After a bench trial, the district court enjoined the enforcement of the ordinances, declared the ordinances void, ordered that all funds collected pursuant to the ordinances be returned, and ordered that appellants pay appellee's attorney fees and expenses.

In reviewing the record, we note a procedural omission on the part of appellee which obviates the need to address the assigned errors.

Although the record shows that the Attorney General was notified that an appeal concerning the constitutionality of two statutes was pending, the record before us fails to show that the Attorney General was served with a copy of the district court proceeding pursuant to Neb. Rev. Stat. § 25-21,159 (Reissue 1989). That section provides in pertinent part the following:

> In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if

the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.

Having alleged that the ordinances in question are unconstitutional, appellee was obligated to serve the Attorney General with a copy of the proceeding. Because appellee failed to observe this statutory prerequisite to the exercise of the district court's subject matter jurisdiction, this action must be dismissed. We, therefore, reverse the judgment of the district court and remand the cause with directions that it be dismissed.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.