[No. B083936. Second Dist., Div. Four. Apr. 30, 1996.]

MARCELINE S. McDANIEL, Plaintiff and Appellant, v.
BOARD OF EDUCATION OF THE MOUNTAIN VIEW SCHOOL
DISTRICT et al., Defendants and Respondents.

## COUNSEL

James H. McDaniel and Patricia D. Barrett for Plaintiff and Appellant.

Liebman, Reiner, Nachison & Walsh, Dennis J. Walsh and Kenneth A. Jew for Defendants and Respondents.

## OPINION

## VOGEL (C. S.), P. J.—

### INTRODUCTION

Plaintiff and appellant Marceline S. McDaniel, an employee of defendant and respondent Mountain View School District, sued the District, the Board of Education of the Mountain View School District, the individual members of the Board, and the Superintendent of Schools (hereafter collectively referred to as respondent). Appellant alleged that respondent wrongfully denied appellant's late application to participate in an early retirement program. Contending that this denial was in retaliation for appellant's prior public criticism of the Board, appellant asserted a cause of action for violation of the federal Civil Rights Act, 42 United States Code section 1983. The trial court sustained a demurrer to appellant's complaint, without leave to amend, on the ground of appellant's prior failure to seek judicial review of respondent's action by writ of mandate. We reverse, concluding that because Code of Civil Procedure section 1094.5 does not apply to the facts of this case, appellant was not required to file a writ of mandate before pursuing her federal cause of action.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was employed by respondent as a school nurse and was eligible for a one-time early retirement plan. Appellant notified respondent on June 11, 1993, that although she missed the June 1, 1993, deadline, she was electing the plan. Respondent denied appellant's application on the ground it was untimely. Appellant contended a late application could have been accepted as late as June 30, 1993, and that the denial of her application was actually in retaliation against her for criticisms of the Board of Education she made in May and early June, in letters to local newspapers and the teachers association and at a public Board meeting.

In a formal "Claim for Rights of Early Retirement" dated June 24, 1993, appellant's attorney "reserv[ed] the right to proceed by Traditional Mandamus, and/or Administrative Mandamus, to correct the abuse of discretion

exercised in denying Claimant's rights to early retirement . . . ." Appellant's attorney did not do so, but instead filed the instant action on October 27, 1993. Respondent demurred on the ground that appellant's failure to seek mandamus review of the denial of benefits barred the present action for federal civil rights damages and other relief. Appellant contended she was not required to seek mandamus as a prerequisite to a federal civil rights action. The trial court ruled appellant was.

DISCUSSION

██ A line of recent cases holds that where an administrative tribunal has rendered a quasi-judicial decision which could be challenged by administrative mandamus pursuant to Code of Civil Procedure section 1094.5, a party's failure to pursue that remedy may collaterally estop a federal civil rights action. This "is a form of res judicata, of giving collateral estoppel effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive *judicial* remedy for reviewing administrative action." (*Briggs* v. *City of Rolling Hills Estates* (1995) 40 Cal.App.4th 637, 646 [47 Cal.Rptr.2d 29], original italics [homeowners failed to seek administrative mandamus to set aside denial of building permit by city council]; *Swartzendruber* v. *City of San Diego* (1992) 3 Cal.App.4th 896, 903-904 [5 Cal.Rptr.2d 64] [discharged police officer failed to seek administrative mandamus to set aside civil service commission decision]; *Miller* v. *County of Santa Cruz* (9th Cir. 1994) 39 F.3d 1030, 1034-1035, cert. denied (1995) __ U.S. __ [132 L.Ed.2d 856, 115 S.Ct. 2613] [same, affg. 796 F.Supp. 1316 (N.D.Cal. 1992)].)

██ Code of Civil Procedure section 1094.5, however, applies only to "any final administrative order or decision *made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken,* and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer." (Italics added; *Keeler* v. *Superior Court* (1956) 46 Cal.2d 596, 599 [297 P.2d 967] ["investigation" of employee's suspension did not require a hearing, therefore section 1094.5 did not apply].) Here, appellant asked for early retirement, and it was denied by the Superintendent on the ground the application was late. Appellant then filed a formal "Claim for Rights of Early Retirement" and was notified by a letter from the Superintendent that the claim was rejected by the Board of Education. The record does not show that appellant's claim was one on which the law required a hearing to be given and evidence taken.

██ The theory of the issue-preclusion cases cited *ante* is that when a state agency *acting in a proceeding in a judicial capacity* resolves disputed

issues of fact properly before it which the parties have had adequate opportunity to litigate, federal courts must give the agency's fact-finding the same preclusive effect it would have in state courts. (*Briggs* v. *City of Rolling Hills Estates, supra,* 40 Cal.App.4th at pp. 646-647; *University of Tennessee* v. *Elliott* (1986) 478 U.S. 788, 796-799 [92 L.Ed.2d 635, 644-647, 106 S.Ct. 3220]; *Brosterhous* v. *State Bar* (1995) 12 Cal.4th 315, 335 [48 Cal.Rptr.2d 87, 906 P.2d 1242].) The rule is based on respect for the agency's quasi-judicial fact-finding procedure. (*Westlake Community Hosp.* v. *Superior Court* (1976) 17 Cal.3d 465, 484 [131 Cal.Rptr. 90, 551 P.2d 410].)

■ Where, as here, the governmental action being challenged by a federal civil rights lawsuit is not the result of a quasi-judicial hearing, the above authorities do not apply and do not require the plaintiff first to seek another state judicial remedy, such as ordinary mandamus pursuant to Code of Civil Procedure section 1085. Generally, a federal civil rights plaintiff is not required to exhaust state administrative and judicial remedies. (*Felder* v. *Casey* (1988) 487 U.S. 131, 147 [101 L.Ed.2d 123, 143, 108 S.Ct. 2302]; *Patsy* v. *Florida Board of Regents* (1982) 457 U.S. 496, 500 [73 L.Ed.2d 172, 177-178, 102 S.Ct. 2557]; *McNeese* v. *Board of Education* (1963) 373 U.S. 668, 671 [10 L.Ed.2d 622, 624-625, 83 S.Ct. 1433]; *Brosterhous* v. *State Bar, supra,* 12 Cal.4th at pp. 336-341.)

### DISPOSITION

The order of dismissal is reversed. Costs on appeal are awarded to appellant.

Epstein, J., and Rubin, J.,* concurred.

---

*Judge of the Municipal Court for the Santa Monica Judicial District sitting under assignment by the Chairperson of the Judicial Council.