JONES, J.,* Concurring and Dissenting.—
The majority holds, and I agree, that Clovis and its rent commission may have violated the Gallands’ substantive due process rights, in violation of 42 United States Code section 1983 (section 1983),[1] by subjecting them to an arbitrary and unreasonably burdensome rent adjustment process. Relying on Silverman v. Barry (D.C. Cir. 1988) 845 F.2d 1072 and Roy v. City of Augusta, Maine (1st Cir. 1983) 712 F.2d 1517, the majority articulates an appropriate substantive due process standard for determining when an administrative process is so onerous as to establish constitutional injury. I further agree that it is for the trial court to assess on remand whether and to what extent “Clovis’s shifting, costly, and at times ill-considered requests for information,” (maj. opn., ante, at p. 1037) “ ‘bureaucratic bungling,’ ” (id., at p. 1036) and “unjustifi[ed] delay” (id., at p. 1028), establish true governmental abuse of power.
The majority also holds, and I agree, that Clovis and its rent commission may have violated the Gallands’ substantive due process rights by denying them a fair rate of return on their property.
However the majority goes on to hold that before the Gallands can state a cause of action for damages under section 1983 for this latter violation, they must first invoke and exhaust a judicially created administrative remedy, which the majority describes as a “Kavanau adjustment.”[2] (Maj. opn., ante, at p. 1008.) Under this procedure, the Gallands must return to Clovis and its rent commission and seek, yet again, a future rent increase that is large *1042 enough to make up for the government’s past refusal to approve rent increases reasonably calculated to provide the Gallands with a fair return on their property. Only after exhausting this administrative remedy, and only if the potential rent increase awarded in that process fails to provide the Gallands with a fair rate of return, will they be able to state a cause of action under section 1983. Because I believe that holding violates binding authority from the United States Supreme Court, I respectfully dissent. (See Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)
Section 1983 establishes a federal remedy for persons who believe their federal rights have been violated. The statute is unique because the remedy created by that section exists “independent of any other legal or administrative relief that may be available as a matter of federal or state law.” (Burnett v. Grattan (1984) 468 U.S. 42, 50 [104 S.Ct. 2924, 2929, 82 L.Ed.2d 36].) Acknowledging this unique character, the United States Supreme Court ruled in Patsy v. Florida Board of Regents (1982) 457 U.S. 496, 516 [102 S.Ct. 2557, 2568, 73 L.Ed.2d 172] (Patsy) that “exhaustion of state administrative remedies [is] not . . . required as a prerequisite to bringing an action pursuant to [section] 1983.”
The Patsy case involved a plaintiff who had filed her section 1983 suit in federal court. Following the Patsy decision, it was not clear whether a similar rule applied when a plaintiff filed his section 1983 action in state court. (Compare Logan v. Southern Cal. Rapid Transit Dist. (1982) 136 Cal.App.3d 116, 124 [185 Cal.Rptr. 878] with Bartschi v. Chico Community Memorial Hospital (1982) 137 Cal.App.3d 502, 508 [187 Cal.Rptr. 61].) That dispute was resolved in Felder v. Casey (1988) 487 U.S. 131 [108 S.Ct. 2302, 101 L.Ed.2d 123] (Felder), where the issue was whether compliance with a state claim statute could validly be imposed as a prerequisite to a section 1983 action. The United States Supreme Court ruled that it could not. “The question before us today ... is essentially one of pre-emption: is the application of the State’s notice-of-claim provision to § 1983 actions brought in state courts consistent with the goals of the federal civil rights laws, or does the enforcement of such a requirement instead ‘ “stan[d] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress’ ”? [Citations.] Under the Supremacy Clause of the Federal Constitution, ‘[t]he relative importance to the State of its own law is not material when there is a conflict with a valid federal law,’ for ‘any state law, however clearly within a State’s acknowledged power, which interferes with or is contrary to federal law, must yield.’ [Citation.] Because the notice-of-claim statute at issue here conflicts in both its purpose and effects with the remedial objectives of § 1983, and because its enforcement in such actions *1043 will frequently and predictably produce different outcomes in § 1983 litigation based solely on whether the claim is asserted in state or federal court, we conclude that the state law is pre-empted when the § 1983 action is brought in a state court.” (Felder, supra, 487 U.S. at p. 138 [108 S.Ct. at pp. 2306-2307].)
Following Felder, virtually every court that has examined the issue has held that a plaintiff who files a section 1983 suit in state court need not first initiate or exhaust state administrative remedies. That was the ruling of this court in Brosterhous v. State Bar (1995) 12 Cal.4th 315, 340-341 [48 Cal.Rptr.2d 87, 906 P.2d 1242] (Brosterhous) [“we may not deny plaintiffs the right to a judicial action for relief in the first instance by imposing a requirement that the plaintiff initiate or exhaust state remedies before filing a section 1983 action”]. And that is also the holding in á host of other cases. (See, e.g., McDaniel v. Board of Education (1996) 44 Cal.App.4th 1618, 1622 [52 Cal.Rptr.2d 448]; Hall v. City of Dothan (Ala.Civ.App. 1988) 539 So.2d 286, 290; Diedrich v. City of Ketchikan (Alaska 1991) 805 P.2d 362, 368-369; Zeigler v. Kirschner (1989) 162 Ariz. 77 [781 P.2d 54, 60]; Arkansas State Medical Bd. v. Leipzig (1989) 299 Ark. 71 [770 S.W.2d 661, 662], disapproved on other grounds in Villines v. Harris (2000) 340 Ark. 319 [11 S.W.3d 516, 520, fn. 4]; Patel v. Thomas (Colo.Ct.App. 1990) 793 P.2d 632, 635; Miller v. District of Columbia (App.D.C. 1991) 587 A.2d 213, 215; Howlett By and Through Howlett v. Rose (Fla.Dist.Ct.App. 1990) 571 So.2d 29, 30; Brumage v. Woodsmall (Iowa 1989) 444 N.W.2d 68, 70; Earle v. Gunnell (1989) 78 Md.App. 648 [554 A.2d 1256, 1258-1261]; Strictly Pediatrics v. Dev. Hab. Assoc. (Mo.Ct.App. 1991) 820 S.W.2d 731, 732; Blackwell v. City of St. Louis (Mo.Ct.App. 1989) 778 S.W.2d 711, 714; Gibney v. Toledo Bd. of Educ. (1988) 40 Ohio St.3d 152 [532 N.E.2d 1300, 1305]; Binkley v. City of Tacoma (1990) 114 Wash.2d 373 [787 P.2d 1366, 1376]; Casteel v. Vaade (1992) 167 Wis.2d 1 [481 N.W.2d 476].) Indeed, the only cases that hold a plaintiff must exhaust state administrative remedies before filing a section 1983 suit are those which simply ignore Felder. (See Peterson v. City of Pocatello (1990) 117 Idaho 234 [786 P.2d 1136, 1138-1139]; DeCoste v. City of Wahoo (1995) 248 Neb. 463 [534 N.W.2d 760, 761].)
The result compelled by Patsy, Felder, and Brosterhous is clear. Since a party need not exhaust state administrative remedies before filing a section 1983 suit in state court, this court cannot validly require the Gallands to invoke and exhaust a “Kavanau adjustment” before pursuing their section 1983 claim.
The majority does not discuss Patsy, Felder, or Brosterhous or explain why those decisions are inapplicable here. Instead the majority avoids the *1044 issue by redefining the problem. Specifically, the majority asserts the “Kavanau adjustment” does not “compensat[e] for a substantive due process injury that has already occurred”; rather it “prevent[s] a substantive due process injury from occurring.” (Maj. opn., ante, at p. 1023.) The majority reasons that since a substantive due process injury has not occurred until the “Kavanau adjustment” proves inadequate to cure past confiscatory rent ceilings, there is no section 1983 claim.
I find this analysis unconvincing for two reasons. First, it is contrary to binding precedent from the United States Supreme Court. In Zinermon v. Burch (1990) 494 U.S. 113, 125 [110 S.Ct. 975, 983, 108 L.Ed.2d 100], the court stated clearly that a violation of a party’s substantive due process rights is complete and actionable under section 1983 “when the wrongful action is taken.” Here the “wrongful action” occurred when Clovis and its rent commission arguably precluded the Gallands from obtaining a fair rate of return on their property. That action is complete and remains complete regardless of whether Clovis and its rent commission are given the opportunity to mitigate the harm they caused by granting the Gallands future rent increases.
Second, as noted above, section 1983 states, in part, “Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .” (Italics added.) I submit that upon the imposition of a constitutionally confiscatory rent ceiling, a right of action exists under the express language of section 1983. No further administrative remedies need be exhausted before a cause of action is stated under section 1983.
The majority also tries to find support for its conclusion in Kavanau v. Santa Monica Rent Control Bd., supra, 16 Cal.4th 761. “It would be incongruous,” the majority asserts, “for us to conclude, on the one hand, as we did in Kavanau, that a landlord permitted adequate rent adjustments has not suffered a constitutional injury under the takings clause, but, on the other hand, that he or she has suffered such an injury under the due process clause.” (Maj. opn., ante, at p. 1024.) I respectfully disagree. For the many reasons cited by Justice Brown in her dissent, post, “the Kavanau adjustment” cannot supplant section 1983. Kavanau applied takings jurisprudence to strikingly different factual and procedural circumstances. The Kavanau court noted that under well-settled takings law, the benefits a property owner *1045 receives in connection with regulatory activity may sometimes offset the burdens imposed by that regulation and thus negate a taking. (Kavanau, supra, 16 Cal.4th at p. 782.) The Kavanau court extended that principle and held future rent increases could offset a past temporary taking. (Id. at p. 783.) While “the Kavanau adjustment” may be appropriate to remedy a takings claim for imposition of a confiscatory rent ceiling, no such state remedy may be imposed as a prerequisite to a section 1983 claim. As I have explained, Patsy, Felder, and Brosterhous dictate otherwise.
Finally, the result the majority reaches is unjust under the facts of this case. More than 12 years ago, the Gallands sought a modest rent increase amounting to only pennies per day. Clovis and its rent commission responded by forcing the Gallands into a bloated regulatory process that was “so time consuming, burdensome, and expensive that the potential benefits of participating in [it] were nonexistent and illusory . . . .”[3] The majority now says that process is still not complete and that the Gallands must return, yet again, to Clovis and its rent commission, “the very . . . officials whose hostility to [their] rights precipitated their injuries.” (Felder, supra, 487 U.S. at p. 147 [108 S.Ct. at p. 2311], fn. omitted.) I believe that result is unauthorized and unjust. Accordingly, I dissent.

Presiding Justice, Court of Appeal, First Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Section 1983 states, in part, “Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .”

The majority labels this a “Kavanau adjustment” because it is based on this court’s holding in Kavanau v. Santa Monica Rent Control Bd. (1997) 16 Cal.4th 761 [66 Cal.Rptr.2d 672, 941 P.2d 851].

The trial court expressly ruled that Clovis and its rent commission violated the Gallands’ due process rights by, among other things, “making the rent review process so time consuming, burdensome and expensive that the potential benefits of participating in the process were nonexistent and illusory . . . .”