[No. E030510. Fourth Dist., Div. Two. July 25, 2003.]

ALFREDO A. FIGUEROA et al., Plaintiffs and Appellants, v. CALIFORNIA ENERGY RESOURCES CONSERVATION AND DEVELOPMENT COMMISSION, Defendant and Respondent; BLYTHE ENERGY, LLC, Real Party in Interest and Respondent.

**COUNSEL**

Gabrielli Law Office and John C. Gabrielli for Plaintiffs and Appellants.

William M. Chamberlain, Jonathan Blees and Lisa Decarlo for Defendant and Respondent.

Weston, Benshoof, Rochefort, Rubalcava & Maccuish, Ward L. Benshoof and Elaine M. Lemke for Real Party in Interest and Respondent.

**OPINION**

**WARD, J.**—Plaintiffs and appellants Alfredo A. Figueroa, and Carmela F. Garnica (plaintiffs), appeal after the trial court dismissed their action against defendant and respondent California Energy Resources Conservation and Development Commission (the Energy Commission), and defendant and real party in interest Blythe Energy, LLC (Blythe Energy). The trial court had sustained the defendants' demurrers to plaintiffs' complaint, without leave to amend, on the ground that the action was barred by a special statute of limitations. We shall reverse.

### FACTS AND PROCEDURAL HISTORY

The Energy Commission approved Blythe Energy's application to develop a new power plant on a site located near the City of Blythe. Plaintiffs filed an

action challenging the approval, focusing largely on alleged noncompliance with the California Environmental Quality Act.

Defendants demurred on the ground, among others, that the complaint was untimely under a special statute of limitations provided in the Warren-Alquist State Energy Resources Conservation and Development Act, contained in Public Resources Code section 25000 et seq. Public Resources Code section 25901 provides, in pertinent part: "Within 30 days after the [Energy Commission] issues its determination on any matter specified in this division, except as provided in Section 25531, any aggrieved person may file with the superior court a petition for writ of mandate for review thereof."

The face of the complaint alleges that the Energy Commission issued its decision approving the project on March 21, 2001. The Energy Commission's regulations provide that, "Unless otherwise specified in the final decision on a notice or application, the effective date of the decision is the date that it is filed with the Docket Unit."[1] Defendants urged that the decision was docketed on March 26, 2001, and that plaintiffs were therefore required to file their complaint on or before April 25, 2001. The complaint was filed on May 11, 2001, and was therefore untimely.

The trial court considered defendants' moving papers and sustained the demurrers without leave to amend. The court then dismissed plaintiffs' action.

## ANALYSIS

### I. Standard of Review

On appellate review when a demurrer has been sustained, the appellate court normally examines the factual allegations of the complaint to determine whether they state a cause of action under any available legal theory.[2] The court then treats the demurrer as admitting all material facts which were properly pleaded.[3]

When the trial court has not allowed leave to amend, that ruling is reviewed separately for abuse of discretion.[4]

Additional factors affect our review here, however. Although a demurrer tests the sufficiency of the factual allegations of a complaint, here, the

---

[1] California Code of Regulations, title 20, section 1720.4.

[2] *Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 947 [36 Cal.Rptr.2d 360].

[3] *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].

[4] *Hendy v. Losse* (1991) 54 Cal.3d 723, 742 [1 Cal.Rptr.2d 543, 819 P.2d 1].

primary ground of demurrer was that the action was untimely under a particular statute of limitations. Whether the statute of limitations had run turns not only upon the factual matters of when certain events occurred, but in this case depends upon the appropriate interpretation of the limitation statute itself. The interpretation of a statute presents a question of law which this court decides independently.[5]

We turn to the statute of limitations question.

## II. THE COURT ERRED IN SUSTAINING THE DEMURRER ON STATUTE OF LIMITATIONS GROUNDS

Public Resources Code section 25901 is the applicable statute. It provides that a writ of mandate must be filed within 30 days after the Energy Commission "issues" its determination. The limitations period therefore began to run when the decision was issued, and the dispositive question is when "issuance" occurred. In this case, it is undisputed that the Energy Commission's decision was dated March 21, 2001, and filed with the docket unit on March 26, 2001. The defendants argued that the Energy Commission's decision was issued when it was filed with the docket unit on March 26, 2001, and the mandate action was therefore untimely.

The term "issues" is, however, undefined. The Energy Commission argues that the term is clarified by its regulation which states: "Unless otherwise specified in the final decision on a notice or application, the effective date of the decision is the date that it is filed with the Docket Unit." (Cal. Code Regs., tit. 20, § 1720.4.) Under the Energy Commission's argument, the term "issued" means "ready for judicial review" and the decision became ready for judicial review when it was filed with the docket unit.

■ However, California Code of Regulations, title 20, section 1720.4 also provides that the effective date is *not* the date of filing of the decision with the docket unit, if the Energy Commission's decision specifies a different effective date. Here, the Energy Commission's counsel submitted a sworn declaration that its decision did not establish any alternative effective date. Despite this misleading declaration, however, the Energy Commission's decision itself indicates otherwise. That decision states: *"For purposes of judicial review pursuant to Public Resources Code section 25531, this Decision is final thirty (30) days after its filing in the absence of the filing of a petition for reconsideration* or, if a petition for reconsideration is filed within thirty (30) days, upon the adoption and filing of an Order upon reconsideration with the Commission's Docket Unit." (Italics added.)

---

[5] *R & P Capital Resources, Inc. v. California State Lottery* (1995) 31 Cal.App.4th 1033, 1036 [37 Cal.Rptr.2d 436].

This provision in the Energy Commission's decision does in fact state an alternative effective date: it states the decision is final for purposes of judicial review 30 days after its filing. Otherwise, a mandamus action would have to have been brought before the administrative decision became final, thus violating the principle that a writ of mandate can be brought only to challenge final agency action.[6] Here, the writ could not be brought, however, until *after* the Energy Commission's action has become final; the Energy Commission's decision specifies that it became final 30 days after the decision was filed with the docket unit.

The arguments for a contrary conclusion are unpersuasive. It could be argued that the Energy Commission's decision simply adopts the normal rule of the regulation by stating: "For purposes of reconsideration pursuant to Public Resources Code section 25530, this Decision is deemed adopted when filed with the Commission's Docket Unit." Obviously, this paragraph is limited, however, to defining the time of *adoption* for purposes of the reconsideration statute, Public Resources Code section 25530. It does not shed any light on the question of finality for purposes of judicial review, which is discussed in the following paragraph, quoted above.

We cannot accept the suggestion that the paragraph dealing with judicial review does not establish a different effective date, and that the normal docket-unit rule specified in the regulation would thus presumably apply. ▮ Rather, the quoted paragraph specifically defines finality for judicial review purposes to be 30 days *after* filing the decision with the docket unit. This implies that the commencement of the period in which a petition for judicial review may be filed is at the end of the 30-day period following filing with the docket unit. Plaintiffs thus properly argued that they had a total of 60 days from filing with the docket unit to file their petition. Because they did so, the statute of limitations is not a valid defense.

Neither do we discern any alleged intent of the Energy Commission not to delay the effective date of the decision by an additional 30 days. The Energy Commission created the confusion in the first place by using a mishmash of different terms without ever defining the term "issuance" as used in Public Resources Code section 25901. The Energy Commission also contributed further to the misunderstanding by submitting an incorrect factual declaration in support of its demurrer. ▮ Under these circumstances, we determine that the Energy Commission's decision must be taken at its word: it is final 30 days after its filing with the docket unit. The ambiguities created by the undefined statutory term ("issuance"), the regulation ("effective date") and the Energy Commission's decision ("final") defeat any attempt by the Energy Commission to retrospectively create an intent that did not exist. The Energy Commission cannot exploit the ambiguity it created.

---

[6] Code of Civil Procedure section 1094.5, subdivision (a); *McDaniel v. Board of Education* (1996) 44 Cal.App.4th 1618, 1621 [52 Cal.Rptr.2d 448].

In sum, we conclude that the Energy Commission has not established that the face of the complaint shows that the action is barred by the statute of limitations.[7]

The critical focus of the demurrers and this appeal has been the expiration of the statute of limitations. The statute of limitations did not defeat the complaint, however, and the court erred in sustaining the demurrer on that ground. The other grounds stated in the demurrers do not defeat *all* the causes of action stated in the complaint. The judgment of dismissal therefore must be reversed.

## DISPOSITION

The judgment of dismissal is reversed; the reversal is without prejudice to defendants' raising or renewing additional grounds for demurrer below. Appellants shall recover costs on appeal, to be shared equally by respondent and real party in interest.

Ramirez, P. J., and Hollenhorst, J., concurred.

A petition for a rehearing was denied August 25, 2003, and the opinion was modified to read as printed above.

---

[7] *Lowe v. City of Commerce* (1997) 59 Cal.App.4th 1075, 1080 [69 Cal.Rptr.2d 356].